107   43
e 26 SC ¹211

## Preswick *versus* McGrew.

1. A treasurer's tax sale of land which is in fact unseated, but which was assessed upon the seated list, and which was advertised and sold for the unpaid tax of one preceding year only, is void for want of jurisdiction, and conveys no title to the purchaser.

2. In order to give jurisdiction for a treasurer's sale of unseated land for taxes, it must appear that the land was assessed and sold as unseated, and that taxes thereon had been due and unpaid for the space of two years prior to such sale.

3. Hathaway *v.* Elsbree, 4 P. F. S., 498, followed.

May 27th, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Warren county*: Of July Term 1884, No. 65.

This was an action of trespass for cutting timber, by Christopher Preswick against James McGrew et al., brought May 20th, 1882. Plea not guilty.

The case was, by agreement under the Act of April 22d, 1874, tried before the Court, without a jury. The sole question was as to the validity of the plaintiff's title to the tract of land on which the timber was cut by the defendants. The facts were undisputed :

First, that the tract in question was unseated in the year 1867, and since.

Secondly, that in the Assessor's book for the year 1867, said tract was assessed under the head of seated lands to J. C. Clark, (a former owner) as "140 Acres of No. 156," with no other description or designation as to its character. In December 1867, the collector returned it to the County Commissioners under oath that there was no occupant and nothing thereon out of which to collect the taxes, and he was by them exonerated from their collection.

Third, that the Commissioners handed it over to the Treasurer, by whom it was advertised under said assessment for the taxes for the year 1867, and sold on June 27th, 1868, to the plaintiff at Treasurer's tax sale. The Treasurer's deed to the plaintiff described the tract as unseated.

The defendants presented the following points :

1. The Treasurer had no jurisdiction to sell, on the 27th of June, 1868, the 140 acres assessed to J. C. Clark as seated land for the year 1867, for the taxes of the year 1867, for the reason that the owners of said land had not refused or neglected to pay the said taxes for the space of two years, at the time of the Treasurer's sale, and the sale is therefore void.

Answer. Affirmed.

[Preswick *v.* McGrew.]

2. The Treasurer had no jurisdiction to sell, on the 27th of June 1868, the 140 acres upon the seated assessment to J. C. Clark, for the taxes of 1867, for the reason that said land, at the time of the assessment thereof, was not seated land, but unseated in its character and the sale of said land is therefore void.

Answer.  Affirmed.

The Court filed the following opinion:

We are of the opinion that the Treasurer's sale of 1868 was void for want of jurisdiction.  The Act of 29th of April 1844, expressly provided that "no sale shall be made of such lands for the purpose aforesaid, until the owner or owners thereof shall have refused or neglected to pay the taxes aforesaid for the space of two years."  Neglect or refusal for the space of two years must precede the sale, and is essential to the jurisdiction of the Treasurer to sell land, if the same is in fact seated.  Lapse of time may cure many irregularities, but cannot make valid a sale void for want of jurisdiction.

Again, the authority of the Treasurer to sell seated lands for taxes depends, *inter alia*, on the fact that the land was *seated* at the time of the assessment.  Such seems to be the ruling of the Supreme Court in Hathaway *v.* Elsbree, 4 P. F. S., 498.  The local Act of February 16th, 1867, P. L. 214, does not apply to this case inasmuch as it is retrospective only in its operations.

If no exceptions are filed . . . . . the prothonotary will enter judgment in favor of the defendants.

The plaintiff excepted to the affirmance of defendants' points, as above, and to the finding in favor of the defendants; which exceptions were overruled, and judgment was entered for defendants.

The plaintiff thereupon took this writ of error, assigning for error the overruling of his exceptions and the said judgment.

*Johnson, Lindsey* and *Parmlee,* for the plaintiff in error.— The Act of April 29th, 1844, § 41 (Purd. Dig., 1372 pl. 100) which provides: "No sale shall be made of *such* land until the owner or owners thereof shall have neglected to pay the taxes thereon for the space of two years," upon which the court below based its decision, was passed to enforce the collection of taxes from *seated* lands and is inapplicable to this land, which was and always had been confessedly *unseated.*  We further submit that the mistake in the assessment was an irregularity that is cured by lapse of time, by virtue of the Act of April 3, 1804, Purd. Dig., 1448, pl. 31) which provides: "No action for the recovery of said land shall lie unless the same be brought within five years after the sale thereof for

[Preswick v. McGrew.]

taxes aforesaid." Ash *v.* Ashton, 3 W. & S. 510; Bayard *v.* Inglis, 5 W. & S. 465; Sheik v. McElroy, 8 H. 25–31; Burd *v.* Patterson, 10 Harris 219; Laird *v.* Hiester, 12 Harris 452; Rogers *v.* Johnson, 17 P. F. S. 43. We are further protected by § 4 of the Act of 1815, which provides: "No alleged irregularity in the assessment, or in the process, or otherwise, shall be construed or taken to affect the title of the purchaser, but the same shall be declared to be good and legal:" Stewart *v.* Shoenfelt, 13 S. & R. 360; Russel *v.* Werntz, 12 Harris 338.

In Thompson *v.* Chase, 2 Grant, 367, the Court say, " The advertisement and sale, under the Act of 1815, must be of unseated land; and then title will depend *solely* on the facts, whether the land was unseated, and whether a tax, regularly or irregularly assessed, had been due a year before the sale. Taxes due a year, land unseated and so sold, are the essentials to title."

From the authorities, it would seem to be clearly settled that what is necessary to give a County Treasurer authority and jurisdiction to sell land for unpaid taxes is: 1st. That it be unseated. 2d. That it has been assessed with a tax by some lawful authority, and 3d, that the tax has been due and unpaid more than one year; and that any and all irregularities in the "assessment or in the process," by which it has reached the treasurer, or in his occasional omissions of duty, not prejudicial to the owner, are cured by the Act of 1815 or barred by the Act of 1804. (See opinion of C. J. THOMPSON in 7 P. F. S., on page 27.) These rules apply to and describe the situation of the plaintiff's land and title, and therefore the Court below erred in rendering judgment against him, for want of jurisdiction in the Treasurer to sell. The Court below holds that the land could not be sold either under the Act of 1844, or the Act of 1815, the result of which is that the taxes cannot be collected at all, which is clearly against the policy of the law. The conflict of construction, however, is readily compromised, and the lost taxes saved, by a proper application of the prohibitory provision of the 3d section of the Act of 1804 and the curative clause of the 4th section of the Act of 1815, to the irregularity of its assessment which wrought no injury to its owner.

*R. Brown, C. W. Stone, D. I. Ball* and *C. C. Thompson,* for defendants in error cited: McReynolds *v.* Longenberger, 7 P. F. S. 29; Breisch *v.* Coxe, 31 P. F. S. 336; Rogers *v.* Johnson, 17 P. F. S. 43; Stewart *v.* Trevor, 6 P. F. S. 374; Cranmer *v.* Hall, 4 W. & S. 36; Waln *v.* Shearman, 8 S. & R. 367; Hathaway *v.* Elsbree, 4 P. F. S., 498.

The opinion of the Court was delivered June 9th, 1884.

PER CURIAM. Although in fact the land was unseated yet it was not sold as such. It was assessed and sold as seated land. It was also found as a fact that at the time of the Treasurer's sale of the land, the taxes for the non-payment of which the sale was made, had not been due for the space of two years. It follows there was no jurisdiction or authority in the Treasurer under the Act of Assembly to sell the land as seated : Hathaway *v.* Elsbree 4 P. F. Smith 498. This is fatal to the plaintiff's case.

Judgment affirmed.