## Day, Appellant, v. Swanson.

*Tax sales—Seated lands—Statutes—Repeal—Acts of April 29, 1844, P. L. 486; June 4, 1901, P. L. 364, and March 26, 1903, P. L. 63.*

A tax sale of seated land for the taxes for the year 1904, made in pursuance of Section 41 of the Act of April 29, 1844, P. L. 486, is wholly invalid, inasmuch as the Act of April 29, 1844, Sec. 41, was repealed so far as seated land was concerned by the Act of June 4, 1901, P. L. 364, as amended by the Act of March 26, 1903, P. L. 63.

Argued April 29, 1912. Appeal, No. 155, Jan. T., 1912, by plaintiff, from judgment of C. P. Warren Co., Dec. T., 1911, No. 33, for defendant non obstante veredicto in case of John A. Day v. C. A. Swanson. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Ejectment for land in Brokenstraw township. Befor HINCKLEY P. J.

The case turned upon the validity of a tax sale of seated land made under the provisions of Section 41 of the Act of April 29, 1844, P. L. 436.

The jury returned a verdict for plaintiff. Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*John Siggins, Jr.,* for appellant.—The Act of June 4, 1901, P. L. 364, is unconstitutional: Dorsey's App., 72 Pa. 192; Union Passenger Ry. Co.'s App., 81 Pa. 91.

The general repealing clause contained in Section 42 of said Act of 1901 is unconstitutional: Com. v. Samuels, 163 Pa. 283; Pierie v. Philadelphia, 139 Pa. 573; Smith v. McCarthy, 56 Pa. 359.

The act of June 4, 1901, P. L. 364, was not intended to repeal, and did not repeal the system of collecting taxes on seated lands under the Act of 1844 and supplements, but instead provides an additional remedy therefor: Pottsville Lumber Co. v. Wells, 157 Pa. 5.

*D. I. Ball,* for appellee.—The Act of April 29, 1844, was repealed by the Act of June 4, 1901; Evans v. Moore, 20 Pa. D. R. 373; Haspel v. O'Brien, 218 Pa. 146: The following and perhaps other cases, discuss different features of the Act of June 4, 1901, P. L. 364, to wit: Martin v. Greenwood, 27 Pa. Super. Ct. 245; Bellevue Boro. v. Umstead, 38 Pa. Super. Ct. 116; Phila. v. P. & R. R. R. Co., 38 Pa. Super. Ct. 529; York v. Beitzel, 41 Pa. Super. Ct. 194; Phila. v. Fairhill R. R. Co., 41 Pa. Super. Ct. 245; Phila. v. Street, 41 Pa. Super. Ct. 503; Pittsburgh v. Calvary Cemetery Association, 44 Pa. Super. Ct. 289; Apollo Boro. v. Clepper, 44 Pa. Super. Ct. 396; Kohler v. Reitz, 46 Pa. Super. Ct. 350; Haspel v. O'Brien, 218 Pa. 146; Maloney v. Simpson, 226 Pa. 479; Uniondale Cemetery Co.'s Case, 227 Pa. 1; Hopkins v. Rettinger, 230 Pa. 192; Scranton v. Genet, 232 Pa. 272.

Per Curiam, May 13, 1912:

The treasurer of the county of Warren sold to the appellant the property which is the subject of this ejectment for the non-payment of taxes assessed against it as seated land for the year 1904. The sale was made in pursuance of Section 41 of the Act of April 29, 1844, P. L. 486, which provides "that all real estate within this Commonwealth, on which personal property cannot be found sufficient to pay the taxes assessed thereon, and where the owner or owners thereof neglect or refuse to pay the said taxes, the collectors of the town-

ships in which said lands lie, shall return the same to the commissioners of the several counties; and the said lands shall be sold as unseated lands are now sold, in satisfaction of the taxes due by the said owner or owners." The Act of June 4, 1901, P. L. 364, provides when, how and upon what property liens shall be allowed for taxes and prescribes the methods for preserving such liens and enforcing payment of taxes. Its final clause is: "And all other acts or parts of acts of assembly of this Commonwealth, general, special or local, appertaining to the subject-matter covered by this act, be and the same are hereby repealed; it being intended that this act shall furnish a complete and exclusive system in itself, so far as relates to the practice and procedure for the filing, collection and extent of tax and municipal claims, the right to file which accrued after the approval of this act." This is an express repeal of the Act of 1844, so far as it relates to the collection of taxes. By the Act of March 26, 1903, P. L. 63, amending the Act of 1901, the provisions of that act do not apply to unseated lands, but continue as to seated lands, as which the property was sold to the appellant. Under the sale to him, made under the repealed Act of 1844, he acquired no title, and the judgment for the defendant non obstante verdicto is affirmed.