## Bradford County, Appellant, v. Beardsley.

*Taxation—Tax liens—Tax sales—Statutes—Repeal—Acts of June 4, 1901, P. L. 364, and May 21, 1913, P. L. 285.*

The Act of May 21, 1913, P. L. 285, entitled "An Act providing for the return of taxes on seated lands in counties, poor districts, boroughs, incorporated towns and townships, for county, poor, borough, town, or township taxes, respectively, and providing for the sale of such lands for taxes," repeals the Act of June 4, 1901, P. L. 364, in so far as it relates to return of taxes on seated lands and the sale of the lands for nonpayment of county, poor, borough or township taxes.

Where the return of the tax collector has been made and the lien filed under the Act of June 4, 1901, P. L. 364, but after the approval of the Act of May 21, 1913, P. L. 285, the lien is void and proceedings thereunder cannot be sustained.

Argued March 10, 1915. Appeal, No. 310, Oct. T., 1914, by plaintiff, from order of C. P. Bradford Co., May T., 1914, No. 553, discharging rule for judgment for want of a sufficient affidavit of defense in case of Bradford County v. Estate of J. M. Beardsley, owner or reputed owner. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Scire facias sur tax lien.

Rule for judgment for want of a sufficient affidavit of defense.

The tax lien filed was as follows:

"The plaintiff above named files its claim for delinquent or unpaid taxes against the above-named defend-

ant, owner or reputed owner, of the premises upon which said taxes were levied and assessed and hereinafter described, and against said premises, and sets forth its claim as follows:

"1. The name and legal title of the claimant is the County of Bradford.

"2. The name of the owner or reputed owner of the property against which this lien is filed is J. M. Beardsley Estate.

"3. Said property is situate in the Township of Wyalusing, in the said County of Bradford, is located on ―― street or road and is bounded and described as follows, to wit: On the north by land of John Peet; on the south by land of Alvira Walker, containing five (5) acres.

"4. Said tax was duly levied by the County Commissioners of the said County of Bradford, being the lawful authority for so doing under the several acts of assembly of the Commonwealth of Pennsylvania governing such matters, and was levied for county purposes.

"5. Said tax was levied for the year 1912, and the amount thereof is two and 40-100 dollars.

"STATEMENT OF CLAIM.    VALUATION $400.

"County tax for 1912, $1.60; penalty, $.16; total, $1.76.   Poor tax for 1912, $.80, penalty, $.08; total, $.88.   Total claim, $2.64.

"Plaintiff hereby files its claim for said taxes under the provisions of the Act of Assembly approved June 4, 1901."

The affidavit of defense averred, inter alia, as follows:

That the said tax lien was filed in said court as aforesaid, and the said writ of scire facias was issued thereon as aforesaid by the County of Bradford without just or legal authority to do so, because as deponent alleges the act or acts of general assembly under which the said county acted or assumed to act in filing said lien and is-

480 BRADFORD COUNTY, Appellant, *v.* BEARDSLEY.

Statement of Facts—Opinion of the Court.    [60 Pa. Superior Ct.

suing said writ were and are repealed by the Act of General Assembly approved May 21, 1913, P. L. 285. That since the passage of the last mentioned act taxes assessed by the authorities of the several counties, when not paid, must be returned in the same manner and at the same time that return is made for unpaid taxes, county taxes on unseated lands; and if not duly paid the seated lands on which taxes are assessed must be sold by the several county treasurers in the same manner as they are now required by law to sell unseated lands for unpaid taxes.

The court in an opinion by MAXWELL, P. J., discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Rodney A. Mercur,* County Solicitor, for appellant.— The Act of 1901, was not repealed: Kean v. Kinner, 171 Pa. 639; Popp v. Eamigh, 54 Pa. Superior Ct. 263; Norris v. D., L. & W. R. R. Co., 218 Pa. 88; Hathaway v. Elsbree, 54 Pa. 498; Pittsburgh Hunting Club v. Snyder, 51 Pa. Superior Ct. 174; Simpson v. Meyers, 197 Pa. 522; Appollo Borough v. Clepper, 44 Pa. Superior Ct. 396; Long v. Phillips, 241 Pa. 246; Day v. Swanson, 236 Pa. 493; Ellis v. Houseknecht, 57 Pa. Superior Ct. 55.

*A. C. Fanning,* of *Fanning & Kaufman,* with him *I. McPherson,* for appellee, cited: Day v. Swanson, 236 Pa. 493; Long v. Phillips, 241 Pa. 246; McCoy, et ux., v. Turk, 1 P. & W. 499; Com. v. Elbert, 244 Pa. 535.

OPINION BY KEPHART, J., July 21, 1915:

The appeal in this case involves a consideration of the Act of May 21, 1913, P. L. 285. A claim for county taxes levied in 1912 was duly filed as a lien in the proper office March 30, 1914, under the Act of June 4, 1901, P.

L. 364, on which a scire facias was issued. The affidavit of defense avers that taxes must be returned and sale must be held pursuant to the Act of May 21, 1913, P. L. 285, and that these proceedings being under the Act of 1901 were without legal authority. The court below sustained appellee's contention, holding the Act of 1901, in so far as it related to the question of procedure, repealed by the Act of 1913. The Act of 1901 provided that the sheriff should sell the lands against which tax liens had been filed, while the Act of 1913 provides as follows: "That return to taxes assessed by the authorities of any county......against seated lands.......shall be made whenever personal property cannot be found thereon sufficient to pay such taxes, in the same manner and at the same time that the return is now made for unpaid county taxes on unseated lands, and whenever any such taxes, against such land in such county......'. shall not be paid within two years after the date of the assessment thereof, such seated lands......shall be advertised and sold by the proper county treasurer at the time and in the same manner.......as unseated lands are now sold by such treasurer for unpaid county taxes." The act deals with two subjects: the return of taxes, and the procedure as to sale for delinquent taxes. The record does not set forth the 'return' of the taxes for which this land was to be sold. The affidavit does not point out wherein such return was false. We cannot, therefore, pass upon the validity of this return and determine the many questions presented by appellant. The act deals only with the return, it does not attempt to legislate on the duties of the collectors incident to the collection of taxes or the rights enjoyed by property owners by reason of such duties. These duties and rights have been set out in numerous acts and decisions of the Supreme Court. See Kean v. Kinnear, 171 Pa. 639; Norris v. Delaware, Etc., Railroad Co., 218 Pa. 88; Simpson v. Meyers, 197 Pa. 522, wherein the acts have been discussed. Section 12 of the Act of June 25, 1885,

P. L. 187, provides that taxes on unseated lands shall not be collected by the assessor but shall be certified and returned, by the several authorities levying the same, to the county commissioners to be collected as heretofore, ordinarily by the county authorities. The Act of 1913 places the return of taxes on seated lands under this Act of 1885 but, as intimated, does not lessen the duties of collectors as to collection or the rights of the property owner thereunder.

Matters of procedure in the courts are always the subject of legislative control. Prior to the passage of the Act of 1901 it had been held that the Act of April 29, 1844, P. L. 486, Section 41, furnished a complete procedure for the sale of seated lands for delinquent taxes. In Day v. Swanson, 236 Pa. 493, it was held that the Act of 1901, was in conflict with the Act of 1844, and was an express repeal of that act; and that the Act of 1901 itself furnished a complete and comprehensive system for the collection of delinquent taxes. The Act of 1913 furnishes practically the same system that was in existence prior to the Act of 1901 and as was held in Day v. Swanson, supra, the Act of 1901 would be inconsistent with the provisions contained in the Act of 1913 and the latter, therefore, must effect a complete repeal of the Act of 1901 in so far as it relates to the question of procedure in enforcing collection of delinquent taxes. When an act of assembly is repealed all proceedings founded upon it, which have not ripened into judgment, fall: Lawrence County v. New Castle, 18 Pa. Superior Ct. 313, and cases there cited. The Act of 1913 does not take away all remedy, but provides a new procedure for enforcing the collection of these taxes. If the Commonwealth had provided no method for the collection of the then existing taxes, there would be such vested right in the Commonwealth to enforce the collection of these taxes as would preserve to the Commonwealth the repealed procedure. It is not the policy of the law to permit delinquents to escape payment of a levied tax. When a

proceeding founded upon one act of assembly is commenced and, while pending, another act is passed taking away the jurisdiction, the proceeding falls; but where the remedy only is changed, it continues under the forms directed by the new act where it applies: Hickory Tree Road, 43 Pa. 139; Com. v. Robb, 14 Pa. Superior Ct. 597; Com. v. Mortgage Trust Co., 227 Pa. 163. The return of the tax collector was made and the lien filed after the approval of the Act of 1913, and would come within the provisions of this later act. Owing to the expense incident to the sale of seated lands for taxes under the Act of 1901, the legislature, by the Act of 1913, provided a less expensive and equally effective procedure. The claim in this case having been filed under the procedure designated by a repealed statute, after the repealing statute had been enacted, it follows that the filing of the lien was irregular and the proceedings thereunder could not be sustained. The lower court was clearly right in refusing to sustain appellant's motion for judgment for want of a sufficient affidavit of defense.

The assignments of error are overruled and the order discharging the rule is affirmed.