# Hare, Appellant, *v.* South Penn Oil Company.

*Taxation—Tax sales—Unseated land.*

Since the Act of June 3, 1885, P. L. 71, relating to tax sales, the fact that unseated land was assessed as seated land and sold as such for unpaid taxes, does not affect the validity of the title acquired by the purchaser.

Argued Sept. 26, 1916.    Appeal, No. 168, Oct. T., 1916, by plaintiff, from judgment of C. P. Forest Co., Sept. T., 1913, No. 14, on verdict for plaintiff, in case of George Emlen Hare v. South Penn Oil Company.    Before Brown, C. J., Mestrezat, Potter, Stewart, Moschzisker, Frazer and Walling, JJ.    Affirmed.

Ejectment for lands in Forest County.    Before Hinckley, P. J.

The opinion of the Supreme Court states the facts.

Verdict for defendant and judgment thereon.    Plaintiff appealed.

*Error assigned* was in refusing plaintiff's motion for judgment n. o. v.

*E. Spencer Miller,* with him *M. A. Carringer* and *Lindsey & MacDonald,* for appellant.

*Wm. M. Parker,* with him *A. C. Brown, P. M. Speer, H. C. Dorworth,* and *J. D. Trax,* for appellee.

Per Curiam, January 8, 1917:

In this ejectment the title upon which the defendant relied was acquired at tax sales of the property in controversy.    The land was sold in 1906 and 1908, for unpaid taxes for the years 1905, 1906 and 1907.    It had been assessed during those years as seated land, and was sold as such for unpaid taxes.    As a matter of fact it was unseated, and the jury so found in this action.    Prior to the passage of the Act of June 3, 1885, P. L. 71, the tax sales, through which the defendant claims, would have been invalid, but that act provides: "That all sales of seated or unseated lands within this Commonwealth which shall hereafter be made for arrearages of taxes due thereon, shall be held, deemed, and taken to be valid and effective irrespective of the fact whether such lands were seated or unseated at the time of the assessment of such taxes:

Provided, That nothing in this act contained shall validate or authorize the sale of any land which was in fact seated at the time of the assessment of the taxes thereon, in any case where there was sufficient personal property on the premises to pay all the taxes assessed thereon, liable under the laws of this Commonwealth to have been seized therefor." It is contended, however, that though the tax sales would have passed a valid title under the Act of 1885, such title was not acquired in view of the provisions of the Act of June 4, 1901, P. L. 364, amended by the Act of March 26, 1903, P. L. 63. "The Act of June 4, 1901, P. L. 364, was not intended to and did not repeal former legislation for the collection of taxes on unseated land": Long et al. v. Phillips, 241 Pa. 246, 253; and the Act of 1903, amending the 41st Section of the Act of 1901, expressly declares that the act "shall not apply to taxes assessed upon unseated lands." The validity of the titles upon which the appellee relied was the vital question in the case, and the jury were properly instructed that, if they found the land sold for taxes was unseated, the title acquired at the sales was good. Their finding was that the land was unseated. In view of this the excluded evidence offered by the plaintiff would not have availed him.

Judgment affirmed.