Scott et al., Trustees, *v.* Bell, Secretary of Banking, Appellant.

Argued January 27, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Ralph B. Umsted,* with him *John W. Lord, Jr.,* Special Deputy Attorneys General, and *Orville Brown,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellant.

*William T. Connor,* with him *John R. K. Scott,* for appellees.

OPINION BY MR. JUSTICE PARKER, March 23, 1942:

In this action in ejectment plaintiffs' right to recover the land in dispute depends upon the validity of a treasurer's sale of real estate for delinquent taxes. The cause was tried by a judge without a jury. The trial judge held that the sale was valid and the court below dismissed exceptions and entered judgment for plaintiffs. Defendant appealed. The sole assignment of error is the dismissal of defendant's exceptions and the decree directing judgment for plaintiffs. We will therefore confine our attention strictly to the matters raised by the appellant's statement of the questions involved. Appellant asserts that the county treasurer's deeds conveyed no title because the lots were sold as unseated land, when they were in fact seated.

Four contiguous lots on a plan known as English Village in Lower Merion Township, Montgomery County, were sold separately as unseated land by the treasurer of Montgomery County on June 11, 1930, for delinquent county, township and school taxes due for the year 1928. After the deeds were acknowledged in open court and delivered, the grantees in those deeds conveyed the land to plaintiffs. On trial the defendant made proofs tending to show that the lots when assessed were in fact seated land and claimed that the treasurer's sales were

therefore invalid. The trial judge affirmed by the court in banc found as a fact that the lots were unseated. Defendant now asserts that the evidence will not sustain that finding. In our view of the case that question is not important as we are of the opinion that the Act of June 3, 1885, P. L. 71 (72 PS 5933)[1] is controlling and requires an affirmance of the judgment. We might add that it appeared by the evidence, and was so found by the court, that "there was no personal property of any kind on any of the four lots that could have been seized in payment of the 1928 taxes."

Prior to the act of 1885 the sale of land as unseated when it was in fact seated, or the converse, passed no title: *Hathaway v. Elsbree,* 54 Pa. 498; *Holloway v. Jones,* 143 Pa. 564, 22 A. 710; *Preswick v. McGrew,* 107 Pa. 43; *Skinner v. McAllister,* 3 Sadler 306, 6 A. 120, 18 W. N. C. 324. By the act of 1885 the legislature in effect provided, as has been stated by the Superior Court, that where land was "regularly assessed, either as seated or unseated, and where the procedure leading up to the sale was regular and followed the assessment, then the sale so made should be valid and effective, 'irrespective of the fact whether such lands were seated or unseated at the time of the assessment;' in other words, irrespective of whether the assessor, in determining the status of the property made a mistake or not": *Pittsburgh Hunt. Club v. Snyder,* 51 Pa. Superior Ct. 174, 182. That act made an important change in the law by validating sales which followed the assessment and it furnished some

---

[1] "All sales of seated or unseated lands within this commonwealth which shall hereafter be made for arrearages of taxes due thereon, shall be held, deemed and taken to be valid and effective irrespective of the fact whether such lands were seated or unseated at the time of the assessment of such taxes. Provided, That nothing in this act contained shall validate or authorize the sale of any land which was in fact seated at the time of the assessment of the taxes thereon, in any case where there was sufficient personal property on the premises to pay all the taxes assessed thereon, liable under the laws of this commonwealth to have been seized therefor."

protection to purchasers at tax sales by foreclosing litigation as to whether the assessor had erred in determining whether the land was in fact seated or unseated, a question which was often close and technical.

It was wise legislation. As the Commonwealth developed, the original reason for distinguishing between seated and unseated lands ceased to have much, if any, force. The distinction was highly technical and, as it raised a factual question, it was usually for the jury: *Rosenburger v. Schull,* 7 Watts 390; *Stoetzel v. Jackson,* 105 Pa. 562. This situation led to so much litigation that tax titles were looked on with suspicion and the collection of taxes was made difficult.

This brings us to the controlling question and the final one argued by appellant. Has the act of 1885 been repealed? Appellant contends that it is repealed either by the Act of May 21, 1913, P. L. 285, or by the Act of May 9, 1929, P. L. 1684. There is no specific repeal of the act of 1885 by either of those laws, but they each contain a general clause repealing all inconsistent acts or parts of acts.

Implied repeals are not favored by the law. "In order to give an act not covering the entire ground of an earlier one, nor clearly intended as a substitute for it the effect of repealing it, the implication of an intention to repeal must necessarily flow from the language used, disclosing a repugnancy between its provisions and those of the earlier law, so positive as to be irreconcilable by any fair, strict or liberal, construction of it, which would, without destroying its evident intent and meaning, find for it a reasonable field of operation, preserving, at the same time, the force of the earlier law, and construing both together in harmony with the whole course of legislation upon the subject": Endlich on Interpretation of Statutes, §210.

The status of the act of 1885 will be better appreciated by a reference to pertinent legislation relating to the general subject. Prior to 1844 unseated lands only

were directly liable for unpaid taxes. By §41 of the Act of April 29, 1844, P. L. 486 (72 PS 5984), provision was made for the sale of all real estate on which sufficient personal property could not be found to pay the taxes, provided the owners had neglected or refused to pay the same for the space of two years. It was further provided that the land should be sold in the same manner as unseated lands were then sold. The Act of June 4, 1901, P. L. 364, as amended by the Act of March 26, 1903, P. L. 63, provided for the filing of liens for delinquent taxes assessed against seated land, for proceedings on such liens and for the sale of the lands by the sheriff. In *Day v. Swanson,* 236 Pa. 493, 84 A. 958, we held that seated lands could no longer be sold under the act of 1844 and that the act of 1901 furnished an exclusive remedy for the sale of seated lands.[2] The legislature by the Act of May 21, 1913, P. L. 285, returned to the former method of selling seated lands and provided that in counties, poor districts, boroughs, incorporated towns, and townships seated lands might be sold by the county treasurer as unseated lands were then sold. The Act of June 1, 1915, P. L. 660, extended that act to school districts. The next change, of importance here, was made by the Act of May 9, 1929, P. L. 1684 (72 PS 5951 et seq.), an act which was not in force when these taxes became delinquent or at the time they would normally have been returned for non-payment. If the act of 1913, supra, upon which the appellant relies, does not repeal the act of 1885, it certainly was not repealed by the act of 1929, even if that were of importance.

The appellant, in support of his argument for repeal, relies upon the principle now declared in §91 of the Statutory Construction Act of May 28, 1937, P. L. 1019 (46 PS 591), that "whenever a law purports to be a revision of all laws upon a particular subject, or sets up a general or exclusive system covering the entire subject

---

[2] The legislature by Act of May 12, 1925, P. L. 580, validated sales made under the act of 1844 under certain conditions.

matter of a former law and is intended as a substitute for such former law, such law shall be construed to repeal all former laws upon the same subject." It is our conclusion that the act of 1885 is not inconsistent with either the act of 1913 or the act of 1929, and that there is not a repeal by implication. At the time the act of 1885 was passed there were different procedures and requirements for the sale of seated and unseated lands just as there are at the present time. "It was not the purpose of the act of 1885 to unify the two classes or abolish the existing procedure to be followed in each case. The act furnished no new system of procedure. As in each of the old systems the assessment had been the first important step, the purpose of the new statute was to declare that . . . it should not be necessary or material to go behind the assessment and inquire into its correctness": *Pittsburgh Hunt. Club v. Snyder,* supra (p. 181). The act of 1885 no more conflicts with either of the later acts referred to than it did with the acts in force at the time it became effective. The same reasons which prompted the enactment of the earlier law apply with equal, if not greater, force to the situation under the later statutes. Neither of the new laws purports to be a revision of all the laws on the subject. They are not exclusive systems. The act of 1929 by §15 specifically saves from repeal the Act of May 16, 1923, P. L. 207, an act which provides an optional method of collecting taxes by filing a lien, for proceedings on the lien leading to judgment, and for sale by the sheriff. The acts of 1913 and 1929 do not deal with unseated lands while the act of 1885 deals with both. We therefore now hold that the act of 1885 had not been repealed just as we held in effect in *Hare v. South Penn Oil Co.,* 256 Pa. 119, 100 A. 542, that it was not repealed by the acts of 1901, supra, and 1903, supra. The lots which are the subject of this suit were assessed as unseated and were returned and sold as unseated and the validity of the sales depends upon the law relating to unseated land.

The judgment of the court below is affirmed.