H. C. Frick Coke Company Appeal.

Argued March 21, 1945. Before Maxey, C. J., Drew, Linn, Stern, Patterson and Jones, JJ.

*Robert W. Smith, Jr.,* with him *Smith, Best & Horn,* for appellants.

*Charles C. Crowell,* with him *Dan V. Crowell* and *Howard H. Whitehead,* County Solicitor, for Westmoreland Co., appellee.

*Paul Cauffiel,* with him *Thomas C. Evans, Phil H. Lewis,* Deputy Attorney General, and *James H. Duff,* Attorney General, for Commonwealth.

OPINION BY MR. JUSTICE JONES, May 21, 1945:

This is an appeal by the petitioners from an order of a State Mining Commission denying them damages for certain coal required to be left in place as vertical support for a State highway which traverses the overlying surface. The Commission based its action on the ground that the petitioners' claim was barred by the statute of limitations.

The plan for the highway, State Route 119 (United States Route 30), was approved by the Governor on September 30, 1930. Subsequently, the H. C. Frick Coke Company (hereinafter referred to as Frick) acquired title to the coal underlying a portion of the highway in Unity Township, Westmoreland County, and the right to any damages to such coal due to the laying out of the highway. Later, Frick leased the coal for mining purposes to the Jamison Coal & Coke Company (hereinafter referred to as Jamison). On January 25, 1943, Frick and Jamison filed their joint petition with the President Judge of the Court of Common Pleas of Westmoreland County for the purpose of procuring a State Mining Commission (conformably to the provisions of the Act of July 3, 1941, P. L. 259, 52 P.S. § 1501) which would hear and determine the quantity of the petitioners' coal required to be left in place as vertical support for the highway and the damages, if any, assessa-

ble to the petitioners as compensation for the coal so rendered unmineable. Neither Frick nor its predecessor in title ever owned the surface overlying the coal.

A Commission was duly constituted and thereafter, with due notice to all interested parties, it held hearings on the petitioners' claim. The Commonwealth of Pennsylvania, having theretofore assumed liability for the damages due to the laying out of the highway, intervened for the protection of its interest and participated in the hearings. The Commission determined that fifty per cent of the coal underlying the highway would have to be left in place in order to furnish adequate vertical support for the highway and that neither of the petitioners was entitled to compensation for the coal so required to remain in place, as a claim therefor had not been asserted within the prescribed period of limitations following the taking. The Commission accordingly entered the order from which the present appeal was taken. The appellants do not complain of the quantity of coal required to remain in place and question only the Commission's denial of their claim for damages because of the statute of limitations.

The appellants concede that the taking of the coal for the needs of subjacent support for the highway occurred on September 30, 1930, when the Governor approved the plan for the highway and that, thereupon, there vested in the owners of the coal a right of action for damages for the coal thereby "taken" (i.e., required to remain in place) and so appropriated for public use. Cf. *Union Collieries Company Appeal*, 345 Pa. 531, 533, 29 A. 2d 26; *Penn Gas Coal Co. v. Versailles Fuel Gas Co.*, 131 Pa. 522, 533, 19 A. 933. The damages due to the taking not having been assessed by a view opening the road, the procedure for the enforcement of the right was, as prescribed by the Act of May 23, 1891, P. L. 109 (53 P.S. § 563), by petition to the local Court of Quarter Sessions "within the period of six years from the con-

firmation of a report, or the entry of a decree opening the said . . . highway, or within six years from the date of notice of the intended opening of the same, under an ordinance or resolution duly passed, but not thereafter."

The Act of 1891, supra, was amended by the Act of June 11, 1935, P. L. 302 (53 P.S. §§ 563, 563a), which in Section 1 provided that *in the case of State Highways,* "such petitions [i.e., for the assessment of damages] shall be presented within six years from the date of the approval of the plan by the Governor, but not thereafter. All claims shall be forever barred after the expiration of the said period of six years." Section 2 of the 1935 amendment also provided that "In all cases involving damages for the opening or widening of any . . . highways, in which no time limit for the presentation of petitions or the expiration of a right of action has heretofore been fixed by statute, such petitions may be presented to the proper court of quarter sessions, and the right of action for damages may be claimed within six years from the date of final enactment of this act, and not thereafter in any manner."

It is therefore evident that, even if the Act of 1891 did not supply the period of limitations applicable to a claim for damages to property for the laying out or opening of a State highway, the amendment of 1935 specifically did so. Under that Act, any claim for damages that there may have been for the "taking" of coal in place on September 30, 1930, pursuant to the Governor's action with respect to the State highway on the overlying surface, necessarily expired on June 11, 1941, at the very latest, that is, six years after the enactment and effective date of the 1935 amendment. Yet, the petitioners did not institute the proceedings here involved until January 25, 1943. In any view, therefore, their claim was barred.

The appellants argue, however, that the Act of July 18, 1935, P. L. 1306 (52 P.S. §§ 1501 et seq.), which pro-

vided for the creation of a State Mining Commission, implied the revival of a claim by any owner of coal required to be left in place for the support of a State highway whose claim had never theretofore been passed upon or enforced in any forum. The appellants appear to derive such an implication from the fact that Section 1 of the State Mining Commission Act of 1935 conferred on the Commission "exclusive jurisdiction . . . to determine and assess damages, if any, for coal required to be left in place. . . ." The contention lacks any logical basis.

All that the Act of July 18, 1935 (which was an amendment of the Act of June 1, 1933, P. L. 1409), was intended to do was to create a new tribunal, viz., "the Highway Mining Commission", with "exclusive jurisdiction over the mining of coal within or under State highway routes, and the assessment and award of damages for coal required to be left in place, and benefits for improvements . . ."; counties of the second class alone being excepted from the provisions of the amendment. (See the title of the Act). And that is all the statute actually does. Nowhere does it even intimate an intention to confer a right of action for damages or to revive a stale claim. Merely to provide a different tribunal for the adjudication of a claim (purely a procedural matter) does not imply a legislative intent to confer a substantive right or to revive an extinct one.

Happily, the State Mining Commission Act of 1935 left no room for doubt as to the absence of any intent either to confer or revive a substantive right to damages. It expressly provided that "This act shall not be construed to create any new right of action for damages. . . ." That provision was intended to prevent any suggestion that outlawed claims for damages were being revived by the Act. Otherwise, there was no occasion for the caution. No statute is necessary to confer a right of action for damages for the taking of private property

for public use. Such a right inheres in the constitutional prohibition that no one shall be deprived of property for public use without receiving just compensation therefor. See Constitution of Pennsylvania, Art. I, Sec. 10. But, the legislature may prescribe, and from time to time has prescribed, the procedure for the enforcement of such claims and the periods in which actions therefor must be brought.

What the appellants' contention amounts to is that the Act of July 18, 1935, which created and empowered the Highway Mining Commission, also repealed by implication the limitation of action prescribed by the Act of June 11, 1935. The contention is manifestly untenable. Not only are repeals by implication not favored by the law (see *Scott v. Bell,* 344 Pa. 243, 246, 25 A. 2d 308; *Kingston Borough v. Kalanosky,* 155 Pa. Superior Ct. 424, 427, 38 A. 2d 393) but the Act of July 18, 1935, which the appellants say worked a repeal of the earlier limitation, does not deal with limitations of actions at all. There is not present, therefore, the irreconcilability that would be required before the later 1935 Act could even be thought to repeal the earlier one impliedly. See the Statutory Construction Act of 1937, P. L. 1019, § 91, 46 P.S. § 591, third paragraph. Furthermore, as the Act of July 18, 1935, is concerned with rights in coal which is burdened with a liability for the support of a surface highway, the suggested repeal, under the appellants' theory, would not extend beyond the repeal of the limitation of actions for damages to underlying coal while the limitation prescribed by the Act of June 11, 1935, would remain extant as to all other claims for damages incident to the laying out or opening of a State highway. It is not to be presumed that the legislature intended such an anomalous and irrational result: see Statutory Construction Act of 1937, § 52(1), 46 P.S. § 552(1). We would not, therefore, be at liberty to adopt the appellants' contention even if a question of implied repeal were fairly present, which it is not.

The order of the State Mining Commission is affirmed at the appellants' costs.