## Goldberg Appeal

*Maxwell H. Cohen,* for appellant.

*James T. Kitson,* for Commonwealth.

DAVIS, P. J., March 21, 1967.—This matter is before the court on appeal of defendant, Martin J. Goldberg, from suspension of his operator's license by the Secretary of Revenue of the Commonwealth of Pennsylvania. The record establishes the following facts:

1. Appellant was the holder of a 1966 automobile driver's license.

2. On February 19, 1966, appellant was arrested on a charge of speeding in the State of Pennsylvania, in violation of section 1002(c) of The Vehicle Code of April 29, 1959, P. L. 58.

3. Appellant paid his fine and costs on March 2, 1966.

4. On May 3, 1966, appellant was notified that his driving privileges were subject to suspension for a period of one month because of his conviction on a motor vehicle charge of speeding in violation of the aforesaid act.

5. Said notice requested appellant to return the letter to the Revenue Department and indicate whether or not he wishes a hearing, and further advised appellant that failure to do so within five days would be considered a waiver of a hearing and his operating privileges would be suspended.

6. Appellant *did not* notify the Revenue Department.

7. No hearing was held, and thereafter, appellant's driver's license was order suspended for one month as of June 15, 1966.

8. On June 8, 1966, pursuant to petition for appeal, hearing and supersedas, the court entered an order granting the appeal, fixing a date for hearing and granting a supersedeas.

It is clear that this suspension action was pursued

under section 618(b) (2) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §618. It is likewise well established that before a licensee's operating privilege may be suspended under the provisions of section 618(b) of The Vehicle Code, there must be either a hearing before the Secretary of Revenue or his representative or competent evidence must be produced that such a hearing was waived by licensee. There was no hearing in this case, and we have previously held in Commonwealth v. Rose, 23 Monroe 5, that the mere receipt of notice by defendant without any action by him is not sufficient to constitute a waiver of his right of hearing. This leads us to the inevitable conclusion that the suspension of the operator's privilege of defendant by the secretary was invalid and, therefore, under the authority of Vivio Motor Vehicle Operator License case, 209 Pa. Superior Ct. 90, 224 A. 2d 777 (1966), the case should be remanded to the Secretary of Revenue for further proceedings unless, as argued by counsel for defendant, the Act of January 24, 1966, P. L. (1965) 1497, 75 PS §619.1, by implication repealed the prior act granting to the Secretary of Revenue the power to hold hearings prior to suspension.

As we view it, Act No. 527 of 1966 does not repeal the existing statute, but amends it to the extent necessary to establish the new point system, which is made applicable to a selected group of violations occurring after July 24, 1966, the effective date of the new act. Article V, sec. 73, of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §573, relating to the construction of amendatory laws, provides:

"Whenever a section or part of a law is amended, the amendment shall be construed as merging into the original law, become a part thereof, and replace the part amended and the remainder of the original law and the amendment shall be read together and viewed as one law passed at one time; but the portions of

the law which were not altered by the amendment shall be construed as effective from the time of their original enactment, and the new provisions shall be construed as effective only from the date when the amendment became effective".

See Cavanaugh v. Gelder, 364 Pa. 361, 72 A. 2d 85 (1950); Spiker v. Secretary of Revenue, 29 Del. Co. 175 (1939).

Repeals of statutes by implication are not favored by law: Scott, Trustee v. Bell, Secretary of Banking, 344 Pa. 243, 25 A. 2d 308 (1942); H. C. Frick Coke Company Appeal, 352 Pa. 269, 42 A. 2d 532 (1945); Newton Estate, 354 Pa. 146, 47 A. 2d 229 (1946).

### ORDER

And now, March 21, 1967, it is ordered and decreed that the appeal of Martin J. Goldberg from the order of the Secretary of Revenue of the Commonwealth of Pennsylvania suspending his automobile operator's license for a period of one month is sustained, and the case is remanded to the Secretary of Revenue of the Commonwealth of Pennsylvania for further proceedings.