Warminster Township, Appellant, *v.* Sol J. Kessler, Charles E. Brooks and Martha Brooks, Appellees.

Argued October 10, 1974, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

George M. Bush, with him Hartzel, Bush & O'Neill, for appellant.

Peter A. Glascott, for appellees.

OPINION BY JUDGE CRUMLISH, JR., December 13, 1974:

The determinative issue presented by this appeal is whether or not a car washing facility, operated independent of an automobile repair garage, is a permitted use in a LI-Light Industrial Zone under Section 1405 (36) of the Warminster Township Zoning Ordinance. This section provides for the following use: "Automobile repair garage including paint spraying and body and fender or car washing facility, provided that all

repair and paint work is performed within an enclosed building."[1]

On October 9, 1972, Sol J. Kessler (Kessler), the equitable owner of a corner property located at the intersection of Street Road and Mary Street in Warminster Township, applied to the Zoning Hearing Board of Warminster Township (zoning board) for a variance to sell retail gasoline incidental to a proposed car wash facility which Kessler contended was a permitted use under Section 1405(36) of the applicable zoning ordinance. After a hearing, the zoning board denied the application by interpreting Section 1405(36) to permit a car wash facility only in conjunction with an automobile repair garage. The zoning board further denied a variance for the retail sale of gasoline because Kessler had failed to establish unnecessary hardship.

An appeal was taken to the Court of Common Pleas of Bucks County, at which time it was discovered that Kessler had failed to file an application for a permit for the proposed use as required by Section 1401 of the zoning ordinance. The lower court accordingly remanded the record for the nunc pro tunc filing of an application for a zoning permit. On May 2, 1973, Kessler filed two applications for permits under Section 1405(36): One for the operation of a car wash only, and the other for a car wash as a principal use with the retail sale of gasoline as an accessory use. The permits were denied by the zoning officer, and on appeal to the zoning board, this denial was affirmed. Consistent with its prior decision, the zoning board determined that a car wash facility was not a principal use under Section 1405(36), and further that the retail sale of gasoline could not be an accessory use thereto.

On appeal of this decision, the court below reversed as to the application for a car wash, determining that

---

[1] Effective December 24, 1967.

Section 1405(36) as strictly construed permitted a car wash facility as a matter of right. The denial of a retail gas operation as an accessory use, however, was affirmed as there was no evidence that such a use is usually and naturally incidental to a car wash facility. Warminster Township appeals the former determination to this Court. No cross appeal was filed by Kessler from the denial of an accessory use, and therefore that problem is not before us.

Our scope of review, as well as that of the court below, not having taken additional evidence, is limited to whether or not the zoning board committed an abuse of discretion or an error of law. *Marple Township Appeal,* 440 Pa. 508, 269 A. 2d 699 (1970); *West Whiteland Township v. Sun Oil Co.,* 12 Pa. Commonwealth Ct. 159, 316 A. 2d 92 (1974). The court below, by Judge ROBERT M. MOUNTENAY, found that the zoning board had committed an error of law by construing Section 1405(36) narrowly to permit a car wash facility only in conjunction with the operation of an automobile repair garage when the provision is sufficiently ambiguous to encompass the use proposed by Kessler.[2] We agree that Section 1405(36), *if read alone,* is susceptible to an interpretation that a car wash facility is a

---

[2] The court below found Section 1405(36) to be susceptible to the following interpretations, "without unduly straining the language thereof":

"1. That an automobile repair garage may include, as one of its facilities, a car wash. Conversely, a car wash would not be permitted as an independent use.

"2. That for the purpose of the use provisions of the ordinance, a car washing facility constitutes a type of automobile repair garage.

"3. Because of the use of the conjunctive between the terms 'paint spraying' and 'body fender work' as distinguished from the use of the disjunctive immediately preceding 'car washing facility,' that either automobile repair garage *or* car washing facilities constitute principal uses permitted by subsection (36)."

permitted primary use, and that therefore the rule of strict construction appropriate when interpreting a zoning ordinance would warrant that any ambiguity be resolved in favor of the broader use. *Phi Lambda Theta Zoning Case*, 400 Pa. 60, 161 A. 2d 144 (1960) ; *Abington Township v. Dunkin' Donuts Franchising Corp.*, 5 Pa. Commonwealth Ct. 399, 291 A. 2d 322 (1972). It is equally appropriate, however, to construe any given word or phrase with due regard to its context, and to harmonize, if possible, the language under consideration with all other parts of the statute or ordinance. *Berk v. Township of Whitehall Zoning Hearing Board*, 16 Pa. Commonwealth Ct. 48, 328 A. 2d 927 (1974). In the instant case, Section 1405 was amended by Ordinance No. 235 on October 30, 1972, to add under subsection (34A) "automobile washing facility" as a primary use when permitted by special exception *exclusively* within HC-Highway Commercial zoning districts.[3] By expressly including *and limiting* an automobile

---

[3] Ordinance No. 235 provides as folows:

"*Section 1*—The following new use is hereby added to Section 1405 *Table of Use Regulations*.

"(34 A) automobile washing facility subject to the following provisions :

"(a) minimum lot width of not less than 120 feet shall be provided along each street on which the lot abuts.

"(b) each facility shall provide paved, off-street, stacking or parking spaces for the temporary storage of vehicles waiting to use the facility. In each case, no less than twenty (20) spaces shall be provided. Under no circumstances shall vehicles be permitted to use abutting streets to temporarily wait to use the car wash facility.

"*Section 2*—The phrase 'automobile washing facility' as used in this ordinance shall mean a public facility designed for washing motor vehicles whether by mechanized apparatus or manually, and also whether by attendant-employees or by the customer-motorist.

"*Section 3*—*The car washing facility use (34A), as a primary use, shall be permitted by special exception in the HC-Highway Commercial zoning districts only.*

washing facility use to an HC-Highway Commercial district, it is clear that the drafters of the zoning ordinance did not intend to include the identical use in an LI-Light Industrial district under the less explicit terminology of Section 1405 (36). *Cf. Bonasi v. Haverford Township Board of Adjustment,* 382 Pa. 307, 115 A. 2d 225 (1955); *Berk v. Township of Whitehall Zoning Hearing Board, supra.*

We, of course, recognize that the specific allowance of a car wash use in one zoning district by special exception does not necessarily negate the same use in another district covering a more general grouping of permitted uses. But here we have a subsequent amendment to the zoning ordinance which expressly limits automobile washing facilities to HC-Highway Commercial districts, and it is this factor which clearly distinguishes this case from *Parisi v. Philadelphia Zoning Board of Adjustment,* 393 Pa. 458, 143 A. 2d 360 (1958). In *Parisi,* a landowner had applied for a certificate to operate a car washing facility in an "A" Commercial zoning district in Philadelphia. Under a prior decision of the Supreme Court, a car wash was a permitted use in an "A" Commercial district as a use "of the same general character" as public garage or gas station.[4] The zoning board affirmed the denial of a certificate, however, on the ground that the section

---

"*Section 4*—A car washing facility, if permitted as an accessory use, shall be allowed only in HC-Highway Commercial zoning districts, and then only by special exception.

"*Section 5—The purpose of this ordinance amendment is to clarify that the sale of gasoline and the washing of automobiles, whether as primary uses or uses accessory to each other, shall be permitted only in zoning districts classified as HC-Highway Commercial.*

"ENACTED and ORDAINED this 30th day of October, 1972." (Emphasis supplied.)

[4] *Novello v. Zoning Board of Adjustment,* 384 Pa. 294, 121 A. 2d 91 (1956).

permitting the use had been impliedly repealed by a subsequent amendment which expressly permitted car washes in a "B" Commercial district. On appeal, the Supreme Court reversed, holding that the subsequent amendment did not impliedly repeal the provision for car washes in "A" Commercial districts: "The Board's contention is confronted by the further barrier that implied repeals are not favored by the law: Scott v. Bell, 344 Pa. 243, 246, 25 A. 2d 308, and H. C. Frick Coke Company Appeal, 352 Pa. 269, 274, 42 A. 2d 532. Of course, that does not mean that the additional obstacle cited is insurmountable in all instances. There may, indeed, be an implied repeal of a legislative enactment. But it can arise only where the language used in the later statute necessarily discloses an irreconcilable repugnancy between its provisions and those of the earlier statute so inconsistent as not to admit of any fair consonant construction of the two. In Scott v. Bell, supra, we quoted with approval from Endlich on Interpretation of Statutes, §210, as follows: 'In order to give an act not covering the entire ground of an earlier one, nor clearly intended as a substitute for it the effect of repealing it, the implication of an intention to repeal must necessarily flow from the language used, disclosing a repugnancy between its provisions and those of the earlier law, so positive as to be irreconcilable by any fair, strict or liberal, construction of it, which would, without destroying its evident intent and meaning, find for it a reasonable field of operation, preserving, at the same time, the force of the earlier law, and construing both together in harmony with the whole course of legislation upon the subject.' " 393 Pa. at 462, 463, 143 A. 2d at 363.

In the instant case, we find Ordinance No. 235 meets the test for an implied repealer as enunciated above in *Parisi v. Philadelphia Zoning Board of Adjustment, supra.* The subsequent amendment to Section

74

1405, by the addition of subsection (34A), is necessarily repugnant to a continued construction of subsection (36) to permit a car wash facility as a primary use in an LI-Light Industrial district after the drafters of the ordinance expressly declared that such a use was limited to HC-Highway Commercial districts.

Having determined that a car wash facility is not a permitted primary use in an LI-Light Industrial district but is permitted in an HC-Highway Commercial district, Kessler's constitutional argument of a total exclusion is patently without merit. The 1972 amendment adding automobile washing facilities under Section 1405(34A) as a primary use in HC-Highway Commercial districts cured any constitutional deficiency in this respect. As Kessler did not file a permit for a car wash use under Section 1405(36) until more than seven months after the passage of the amendment to Section 1405(34A), it is clear that he had no vested right to challenge the constitutionality of the ordinance as it existed prior to the curative amendment by Section 1405(34A). *Cf. Willistown Township v. Chesterdale Farms, Inc.,* 7 Pa. Commonwealth Ct. 453, 300 A. 2d 107 (1973); *Compare Camp Hill Development Co. v. Zoning Board of Adjustment, Borough of Dauphin,* 13 Pa. Commonwealth Ct. 519, 319 A. 2d 197 (1974).

Order reversed.