# HIRAM CAMPBELL *versus* HAMILTON MUTUAL INS. CO.

Where a policy of insurance upon the interest of a mortgager was to be void if the estate shall be alienated or incumbered by sale, assignment, or otherwise; and his right to redeem the property was seized and sold on a writ of execution; *it was held* that the sheriff's sale to a third person of the right of redemption was an *incumbrance* upon the property; and, if the title, thus acquired, is perfected by lapse of time, it constitutes an alienation of it.

ON AGREED STATEMENT BY THE PARTIES.

This was an action of ASSUMPSIT on a policy of insurance against loss by fire. On the fifteenth day of May, A. D. 1858, the plaintiff effected an insurance in the defendant company on his furniture for the sum of fifty dollars, and also on his interest as mortgager on his dwellinghouse, barn and shed adjoining, to the amount of three hundred dollars, said property being in Brunswick, said insurance to

continue for the term of five years to May 15th, A. D. 1863. All the property so insured was destroyed by fire on the tenth day of September, A. D. 1860.

The plaintiff, in his writ, bearing date the second day of January, A. D., 1861, claims the whole amount so insured. When said insurance was effected, there was a subsisting mortgage on said buildings and land belonging to them, which was made known to the defendants at the time. The plaintiff's right of redemption on said mortgage was seized on an execution against him in favor of one Jacob Brewer; which right to redeem was sold to a third person at a sheriff's sale, held on the twenty-first day of January, A. D. 1860, according to the provisions of the statutes regulating the seizure and sale of equities of redemption on execution by sheriffs.

Article 12th in the policy declared on contains the following clause:—"The interest of a person who is the mere purchaser or holder of an equity of redemption is not insurable; but the interest of the mortgager or mortgagee may be insured as such, the true state of the title being expressed."

Article 15th of the same contains the following:—"Where any property shall be alienated or incumbered by sale, mortgage, assignment, bond or otherwise, the policy shall thereupon be void, and be surrendered to the directors to be canceled; but if the grantee or alienee have the policy assigned to him, the directors may, upon his application to them within thirty days next after such alienation, and on his giving proper security, ratify and continue the same in force for his benefit, by their consent, signified in writing therein, signed by the secretary, with all the rights and subject to all the liabilities, to which the original party insured was entitled and subjected." The policy at the time of said loss had never been assigned or transferred, but belonged to the plaintiff.

Article 19th of said policy stipulates that,—"Policies void in part shall be void as to the whole." In the body of

the policy is a clause saying that, "all the property insured is subject to a lien by said company, to the extent of the interest of the person insured therein." ·

*Orr*, for the plaintiff.

*Fessenden & Butler*, for the defendants.

The opinion of the Court was drawn up by

APPLETON, C. J.——The policy in the case before us, by its terms, is "accepted by the insured, subject at all times to the conditions and regulations of the Act of Incorporation and By-laws of said company, which conditions and regulations are hereby declared to form a part hereof."

It is provided by the By-laws, Art. 15th, that "when any property insured shall be alienated or *incumbered by sale*, mortgage, assignment, bond or *otherwise, the policy shall thereupon be void;*" and, by Art. 19th, "policies void in part shall be void in the whole."

It was held, in *Adams* v. *The Rockingham Mut. Fire Ins. Co.*, 29 Maine, 292, that an alienation had occurred, when the insured, upon his own application, had been decreed a bankrupt and his assignee in bankruptcy had been appointed. It was decided, in *Edes* v. *Hamilton Mut. Ins. Co.*, 3 Allen, 362, that, "if the owner of property, which is insured by a policy which contains an express provision that the by-laws of the company are declared to form a part thereof, mortgages the same in violation of one of the by-laws, the policy is thereby defeated. So when a by-law provides that all *alterations* in the ownership of property insured in any material particular shall make void any policy covering such property, unless consented to or approved by the directors, a mortgage of the property insured was held a material alteration in the ownership thereof. *Edmands* v. *Mutual Safety Fire Ins. Co.*, 1 Allen, 311.

The premises insured, at the time of their insurance, were subject to a mortgage, as appears by the application. While

the insurance was in full force, the equity of redemption was sold on an execution against the insured.

An incumbrance is defined to be "whatever is a lien upon an estate."

"The right of a third person in the land in question to the diminution of the value of the land, though consistent with the passing of the fee by a deed of conveyance, is an incumbrance. So is a lien by judgment or mortgage." Bouv. Law Dictionary. "Incumbrancer—one who has an incumbrance or legal claim upon an estate."—Webster's Dictionary. "Incumbrance—liabilities resting upon an estate." Worcester's Dictionary.

The estate insured was incumbered by the sale of the equity. It passed thereby from the insured unless redeemed. It was sold and the estate does not revest in the debtor except upon payment of the price for which it was sold. Before the title becomes perfect in the purchaser by lapse of time, it constitutes a lien or incumbrance upon the estate, which must be removed before any one could acquire an indefeasible right thereto. The equity of redemption was sold for a specific sum. That constituted an incumbrance upon the estate. The property insured was *incumbered by a sale* within the letter and the spirit of the by-law referred to and the policy thereby became void.

The sale of an equity of redemption, when the title thus acquired is perfected by lapse of time, constitutes an alienation. Before the right of redemption has expired, it must be regarded an incumbrance upon the estate.

*Plaintiff nonsuit.*

DAVIS, KENT, WALTON and DICKERSON, JJ., concurred.