## CADDO HOLDING CORPORATION v. MORROW.

### No. 10753.

Court of Civil Appeals of Texas. Dallas.

July 3, 1931.

Touchstone, Wight, Gormley & Price, of Dallas, for plaintiff in error.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for defendant in error.

VAUGHAN, J.

J. G. Morrow, defendant in error, filed this suit against the Caddo Holding Corporation, a corporation, plaintiff in error, for specific performance of a contract, and from an adverse verdict and judgment against it plaintiff in error sued out a writ of error. Defendant in error alleged in his amended original petition that the plaintiff in error was the owner of certain property in the city of Dallas on August 27, 1927, consisting of six lots in block 958 of the city of Dallas, which, for convenience, will be referred to as the Cedar Springs property, which property had become burdensome to plaintiff in error and it was anxious to dispose of same, and it employed defendant in error to sell or exchange said property; that the city of Dallas was the owner of certain property, consisting of six blocks in lot 945, of the city of Dallas, which property will be referred to as the Maple avenue property; that defendant in error approached the commissioners of the city of Dallas with the view of exchanging the Cedar Springs property for the Maple avenue property; that there were negotiations, back and forth, between the defendant in error and the commissioners of the city of Dallas in reference to the exchange of said properties; that on November 30, 1927, plaintiff in error and defendant in error entered into the following agreement:

"With reference to the offer of the Caddo Holding Corporation, dated August 27, 1927, to the City of Dallas, Texas, to exchange certain properties, and the agreement of the Caddo Holding Corporation to give J. G. Morrow one-half of the proceeds of the property to be received from the City of Dallas, above $6,500.00:

"It is mutually agreed by the parties hereto that any changes in the amount or description of the property to be conveyed by the City, or other changes in the terms of the agreement mutually agreed to, shall not affect the interests of either party hereto. Upon receipt of deed from the City of Dallas, the Caddo Holding Corporation will convey to J. G. Morrow, by proper deed (or to his heirs or) a one-half interest (subject to an encumbrance of $6,500) in said property so received from the City of Dallas.

"In the event the parties hereto shall at any time not agree as to the handling of this joint account, the points of difference will be referred to arbitration, which his decision shall be binding on both parties hereto."

That said negotiations resulted in an exchange of four of the lots on Maple avenue for the Cedar Springs property; that on November 14, 1930, the city of Dallas conveyed to plaintiff in error, by deed of that date, said four lots in block 945 of the Maple avenue property, and plaintiff in error, by deed of date December 9, 1927, conveyed the Cedar Springs property to the city of Dallas; that after the exchange of said deeds conveying said properties, defendant in error demanded of plaintiff in error that it execute a deed to him conveying an undivided interest in the four lots conveyed to plaintiff in error by the city of Dallas in accordance with his agreement with plaintiff in error of date November 30, 1927, but that plaintiff in error failed and refused to execute and deliver to defendant in error a deed conveying to him an interest in said four lots in accordance with said contract. Plaintiff in error's answer presented a general denial and several special pleas not necessary to be specifically noted.

To some of the special issues submitted, the jury made the following findings of fact: That the exchange of properties involved between plaintiff in error and the city of Dallas was effected through the efforts of defendant in error; that defendant in error was to have as his compensation for his services one-half of the proceeds of the property received from the city of Dallas above $6,500, and that upon receipt by plaintiff in error of the deed from the city of Dallas it would convey to defendant in error by proper deed a one-half interest in said property so received from the city of Dallas, subject to an incumbrance of $6,500.

Other findings were made by the jury, which are not deemed necessary to be here stated, same not being material to any of the propositions upon which this appeal is predicated. Of the judgment entered upon said verdict, it is only necessary to reproduce the following: "And it appearing to the court from the verdict of the jury and the evidence, that the plaintiff, J. G. Morrow, is entitled to specific performance of the contract sued on, and that the defendant, Caddo Holding Corporation, and the plaintiff, J. G. Morrow, hold title jointly to the following described property situated in the City and County of Dallas, State of Texas (here follows a description of the four lots involved, conveyed by the City of Dallas to plaintiff in error, which description will be omitted) and that the title to the above described property is held by the parties in the following manner: the Caddo Holding Corporation, a corporation, has an interest in the whole of the property to the extent of $6,500, and the title over and above said amount is held by the Caddo Holding Corporation and J. G. Morrow in equal parts, and that J. G. Morrow is entitled to recover of and from the defendant, Caddo Holding Corporation, an undivided one-half interest in said property, subject to said interest of $6,500: It is therefore ordered, adjudged and decreed that title to an undivided one-half interest in said property, subject to said interest of $6,500 in Caddo Holding Corporation is hereby divested out of the Caddo Holding Corporation and vested in the plaintiff, J. G. Morrow."

The findings of the jury being amply supported by evidence are therefore adopted as findings of fact made by this court.

The following propositions are presented in support of this appeal: (a) That the finding of the jury that plaintiff in error did agree to convey to defendant in error a one-half undivided interest in said property, subject to an incumbrance of $6,500, was so uncertain that the court could not properly render judgment conveying title to said property in accordance therewith; (b) that the judgment decreeing title in defendant in error to an undivided one-half interest in the four lots involved, belonging to plaintiff in error, subject to an interest of $6,500 in the plaintiff in error to said properties, is (1) meaningless as a judgment and only creates a cloud upon plaintiff in error's title, it being impossible in the nature of things to divide the title of property in money and property, (2) not supported by the pleadings which set forth the contract declared upon, and (3) not supported by the verdict of the jury.

■ The position of counsel for plaintiff in error, viz., that "the contract sued upon is ambiguous and in fact inconsistent in its first and last provisions, unless they be reconciled and construed to mean that the parties were agreeing at that time that the property obtained from the City of Dallas would be sold and the proceeds divided as follows: The first $6,500 to go to the defendant, and all above that amount to be divided equally between the parties, and that as soon as the deed to said property was obtained the defendant would execute an instrument declaring that such was the agreement of the parties with reference to the disposition of the proceeds of the property when it should be sold," we think is a correct analysis of said contract. Defendant in error had only a prospective interest in the Maple avenue property, but did not have any character of interest in or title to the Cedar Springs property owned by plaintiff in error. Under the contract between the parties, defendant in error was only to acquire absolutely a one-half interest in the proceeds arising from the sale of the Maple avenue lots after there

had been deducted from such proceeds by plaintiff in error the sum of $6,500, that amount representing the agreed value of the Cedar Springs property. The provision of the contract that, "upon receipt of deed from the City of Dallas, the Caddo Holding Corporation will convey to J. G. Morrow, by proper deed, a one-half interest (subject to an incumbrance of $6500) in said property so received from the City of Dallas," was not intended to require the conveyance of an absolute interest in the title to said property, but only thereby to provide a means for preserving in a substantial form the rights of the parties in the proceeds arising from the sale of the Maple avenue property, and was not intended in any respect to change the commonly accepted meaning of the language of said contract, viz., " * * * to give J. G. Morrow one-half of the proceeds of the property to be received from the City of Dallas, above $6,500," but to be harmonized therewith.

The use of the words "interest" and "incumbrance" in the special issues to the jury, viz., "one-half interest in said property so received from the City of Dallas subject to an incumbrance of $6,500," and the use of the word "interest" in the judgment of the court, supra, so seriously questioned by plaintiff in error, considered in the light of the correlated effect of all the component parts of the record, can only mean and have reference to (a) the $6,500 to be received by plaintiff in error out of the proceeds arising from the sale of the four lots before there could be a partition of any of the proceeds between the litigants, and (b) the right of the defendant in error to one-half of such proceeds after said sum of $6,500 has been deducted therefrom, viz.: in other words, that as between the litigants, said sum of $6,500 to be so received by plaintiff in error was an incumbrance upon the entire four lots and the one-half of such proceeds defendant in error was to receive was an interest in said four lots to be accounted for out of said proceeds. The words "interest" and "incumbrance," while having each a well-defined legal meaning, are not inexorable as to such meaning: in that, the meaning of each word varies according to its position and use in a sentence, so as to avoid discord and produce harmony with and give expression to the real intention of the parties to a contract, gathered from its language, bearing in mind the subject-matter involved and the objective to be accomplished.

We therefore hold that the words "interest" and "incumbrance" were used in the contract declared upon, special issues submitted, the verdict of the jury, and the judgment rendered thereon, as synonymous terms, and in said instruments only conveyed one and the same meaning, viz., that out of the proceeds arising from the sale of said Maple avenue lots, plaintiff in error should, as a primary right, receive the sum of $6,500; that the remainder of said proceeds should then be divided equally between the litigants; that by the following provisions of said contract, viz., "upon receipt of deed from the City of Dallas, the Caddo Holding Corporation will convey to J. G. Morrow by proper deed * * * a one-half interest subject to an encumbrance of $6,500 in said property so received from the City of Dallas," it was not contemplated that an absolute interest in the title to said lots in fact should be conveyed, but that the conveyance therein provided for should be executed, as the means selected by the parties to said contract, only for the purpose of protecting whatever interest defendant in error had in said four lots, viz., an estate in or claim upon said lots, to secure him in receiving his interest in said real estate as fixed by said contract. That said terms are in meaning convertible for the purpose of carrying out the intention of the parties is clearly expressed in said contract. Therefore, the interpretation suggested by plaintiff in error, supra, should be applied to the contract, verdict, and judgment, to which interpretation defendant in error in the main presents no real objection, but is rather inclined to accept same. Campbell v. Hamilton Mutual Ins. Co., 51 Me. 69, 72; Koezly v. Koezly, 31 Misc. Rep. 397, 65 N. Y. S. 613, 615; Spangler v. Sanborn, 7 Colo. App. 102, 43 P. 905, 907; Prescott v. Trueman, 4 Mass. 627, 629, 3 Am. Dec. 249.

In the case of Hough v. City Fire Ins. Co., 29 Conn. 10, 20, 76 Am. Dec. 581, it was held that a person has an absolute interest in property, within the terms of a fire policy, where his interest is such that, if the property is destroyed by fire, he must necessarily sustain the loss. It is an "interest," not a title, of which the conditions of the policy speak. And in the case of Ormsby v. Ottman, 85 F. 492, 497, 29 C. C. A. 295, it was held: "The word 'interest' is the broadest term applicable to claims in or upon real estate. In its ordinary signification among men of all classes it is broad enough to include any right, title, or estate in, or lien upon, real estate. One who holds a mortgage upon a piece of land for half its value is commonly and truthfully said to be interested, to have an interest, in it."

We therefore hold that plaintiff in error was entitled to have the specific performance of said contract decreed, and that the judgment appealed from, as herein interpreted, was properly entered for that purpose, and same is therefore affirmed.

Affirmed.