# Wm. H. Lewis et al., Administrators, etc., *v.* Borough of Darby, Appellant.

*Road law—Change of grade—Article XVI, sec. 8, of the constitution.*
Under art. XVI, sec. 8, of the constitution of Pennsylvania, a property owner is entitled to recover damages for an injury caused by the change of grade of a street, although the change of grade was made at his request.

Argued Feb. 14, 1895. Appeal, No. 131, Jan. T., 1895, by defendant, from judgment of C. P. Del. Co., Sept. T., 1890, No. 136, on verdict for plaintiff. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from report of viewers assessing damages for change of grade of Franklin street. Before CLAYTON, P. J.

At the trial it appeared that plaintiff had requested the borough authorities to change the grade of the street.

Defendant's point, among others, was as follows:

"3. If the jury believe that the change of grade was made at the request of William P. Lewis and made as he designated, and was a special advantage to him, the plaintiffs are not en-

titled to recover. *Answer :* I decline to affirm that point, although you may find he did request the change to be made, and it was an advantage to him to make it, yet if the damages were more than the advantages the borough must pay for it."

Verdict and judgment for plaintiff for $900. Defendant appealed.

*Error assigned* was above instruction, quoting it.

*Lewis Lawrence Smith, Isaac Johnson* with him, for appellant.

*Joseph S. Goodbread* and *J. T. Reynolds,* for appellee, were not heard, but cited in their printed brief, Jones v. Borough of Bangor, 144 Pa. 638; act of May 24, 1878, P. L. 129; Wilson v. Scranton City, 141 Pa. 621; Ogden v. Philadelphia, 143 Pa. 434.

PER CURIAM, March 11, 1895 :

The only error assigned is the refusal of the court to affirm the defendant's point for charge : " If the jury believe that the change of grade was made at the request of William P. Lewis and made as he designated, and was a special advantage to him, the plaintiffs are not entitled to recover." In declining to affirm this point, the learned trial judge rightly said, in substance, that although the jury might find that plaintiff's intestate requested the change to be made, and it was done accordingly and was advantageous to him, yet if the damages he sustained by thus changing the grade were greater than the advantages that accrued to him therefrom, he had a right to claim and recover damages measured by the difference between the advantages and disadvantages. That right he had under article XVI, sec. 8 of the constitution ; unless he waived it, or did something to estop himself from asserting this claim. There is no evidence of either in the case. The principle is so obviously correct that it needs neither argument nor citation of authority to support it. It is recognized in Jones v. Borough of Bangor, 144 Pa. 638, and other cases.

Judgment affirmed.