## Arnold *v.* Allegheny County, Appellant.

228

Argued October 5, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*James A. Wright,* Assistant County Solicitor, with him *Walter P. Smart,* County Solicitor, for appellant.

*Elder W. Marshall,* with him *Mayer Sniderman* and *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY MR. JUSTICE LINN, December 5, 1938:

The county appeals from plaintiff landowner's judgment for damages resulting from the construction of a highway over plaintiff's land. Part of the land was occupied by a lessee with an unexpired term of 55 months.

The jury of view made awards to owner and to the tenant from which appeals were taken to the common pleas. The appeals were tried together by order of the court made on the petition of the county pursuant to the Act of July 1, 1937, P. L. 2667, 26 PS section 44. The title is: "An Act Regulating the hearing before boards of view and jury trials, and the awards and verdicts in cases arising from the taking, injury, or destruction of private property under the right of eminent domain, where both the owner of the fee, and any lessee or lessees under such owner, shall claim damages." It provides "That in all cases arising from the taking, injury, or destruction of private property under the right of eminent domain, where the owner or owners of the fee and any lessee or lessees under such owner or owners shall be claimants for damages, all such claims shall be heard or tried together; and there shall be awards by a board of view or verdicts by the jury on appeals, which shall fix, first, the total amount of damage to the property in question, and second, the apportionment, distribution, or division of the total damages so awarded between or among the several claimants therefor." The jury filed a verdict slip stating: "We fix the total amount of damages to be the sum of $29,750 in this case and case at 1674 April 1937 [the tenant's case] and award to Mrs. Mary Arnold [the owner's case] the sum of $27,250." The tenant's verdict was $2,500. The county appealed from the judgment on the verdict for the owner, but, as we understand what was said at the oral argument, took no appeal from the judgment in favor of the tenant. The nature of the review desired by the appellant will appear in these quotations from its statement of questions involved: ". . . may the defendant, under said Act of Assembly, first show the value of the entire property before and after the improvement and the total damage to said property, before apportioning the total damages thus shown between the respective interests in the property?" "2. Does not the above

cited Act of Assembly, in addition to providing for the joint trial of two such eminent domain cases, also require initial proof by witnesses and an initial determination by a jury of the total damages to the real estate before such total damages can be apportioned between the two plaintiffs?"

As the tenant's claim has been established by the judgment, from which no appeal was taken, it is apparent that even if the county's interpretation of the statute could be accepted, a point we do not pass on, there would remain, on the return of the record, only one case to be tried, to wit, the owner's, and that the Act of 1937 would then no longer have any application. By allowing the tenant's judgment to become final the county has elected to treat the owner's claim as a unit and not as triable with the tenant's. In such circumstances the construction of the act must be postponed until it can be considered with respect to cases to which it applies after argument on the merits: compare *Moskowitz's Appeal*, 324 Pa. 144, 188 A. 106; *Com. ex rel. v. Globe Indemnity Co.*, 326 Pa. 537, 192 A. 871.

The appeal is dismissed.