# Pennsylvania Range Boiler Co. *v.* Philadelphia, Appellant.

Argued December 2, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Joseph H. Lieberman,* with him *O. Charles Brodersen,* Assistant City Solicitors, and *Francis F. Burch,* City Solicitor, for appellant.

*Theodore G. Rich,* of *Bellwoar & Rich,* for appellee.

OPINION BY MR. JUSTICE DREW, January 12, 1942:

The City of Philadelphia is here appealing from an order of the Court of Common Pleas No .4 of Philadelphia County, dismissing exceptions filed to a report of a Board of View compensating Pennsylvania Range Boiler Company, appellee, for damages alleged to have been occasioned to its real estate by the change of grade of Washington Avenue.

On February 14, 1914, an ordinance was approved to abolish certain railroad crossings and to provide other improvements in that portion of the City of Philadelphia lying south of Christian Street and between the Delaware and the Schuylkill Rivers. Thereafter, on petition of appellant, a Board of View was appointed to assess the damages and the benefits of this project. The proceedings before the Board were divided into sections and each section was taken up separately as the work thereon commenced. The Board thus was given jurisdiction over each section of the work independently of the other, and as the testimony relative to a particular section was completed, separate reports accordingly were filed. Pursuant to this method, a proceeding was instituted in 1920 to assess the damages and the benefits of the opening of Twenty-fifth Street from Washington Avenue to Point Breeze Avenue, whereon the work had been started. However, no work had been commenced as yet on Washington Avenue or Ellsworth Street, each of which met Twenty-fifth Street at almost a right angle and at a grade several feet above it. The Board accordingly heard testimony solely as to the Twenty-fifth Street opening offered by appellant and the various abutting property owners, including William Wharton Junior and Company, the then owner of the property covering the block bounded by Twenty-fifth Street, Washington Avenue, Twenty-fourth Street and Ellsworth Street. However, after such evidence was presented, but before making its award, the Board notified appellant and the Wharton Company, among others, that the opening and change of grade of the lateral streets should also be considered in that particular proceeding. Therefore, appellant and the Wharton Company produced additional testimony to cover also the proposed grading and improvement of Washington Avenue and Ellsworth Street, and an award was made based upon all evidence thus presented, which award was paid by appellant on or about June 1, 1921. There is nothing whatever in the Board's

report as filed by it in the court below to indicate that the Washington Avenue improvement was considered or that any portion of the award was based thereon. The only available record that such was the fact is contained in the notes of testimony retained by the Board.

Since the award and its payment, that portion of the Wharton Company property at the corner of Twenty-fourth Street and Washington Avenue, through mesne conveyances, passed to Laurence B. Levy, who was the owner thereof when the work of grading Washington Avenue actually was started on the ground on September 1, 1927. Sometime thereafter Levy died, and his executors, on November 18, 1937, conveyed this corner piece of land to appellee, together with all right, title and interest in any claim for damages against appellant arising out of the change of grade of Washington Avenue, which deed was duly recorded. Appellee thereupon filed a claim for such damages before the Board, which made the award here in controversy. The amount of the award, however, is in no way involved in this present appeal, for that matter has as yet to be tried before a court and jury.

The problem thus presented to us for solution is: Whether a subsequent innocent purchaser of real estate is chargeable with notice of the award of damages and the payment thereof to his predecessor in title to cover future losses which may result from a change of grade of a street, when the only record is contained in the notes of testimony in a proceeding before a Board of View concerning another street.

Appellant does not allege that appellee had any actual notice at the time he purchased the corner property in question that an award had been previously made to the Wharton Company. Its contention is, however, that a diligent search of the records would have revealed that fact. With such argument we cannot concur. There is no record pointed out from which he could possibly have obtained such notice, nor could there be under the

circumstances as here presented. Concerning what constitutes notice, it was said, in *Tabor Street (No. 1)*, 26 Pa. Superior Ct. 167, 173: ". . . whatever puts a party upon inquiry amounts in judgment of law to notice, provided the inquiry becomes a duty, as in the case of purchasers and creditors, and would lead to the knowledge of the requisite fact by the exercise of ordinary diligence and understanding. . . ." Certainly notice of the proceeding to open Twenty-fifth Street, in the record of which proceeding Washington Avenue was not mentioned, would in no way apprise appellee that damages for the improvement of the latter thoroughfare (not arising merely as an incident to the opening of Twenty-fifth Street) were considered in such award. Ordinary diligence would not cause an inquirer to read the notes of testimony taken by the Board in connection with Twenty-fifth Street and retained in its files to ascertain perchance that an award was made for damages caused by the grading or improvement of an entirely different street. Nor can appellee be charged with notice merely because the deed from the Wharton Company to one Michael J. Dougherty, dated April 16, 1920, contained the following reservation: ". . . Excepting and reserving therefrom, for and to the use of the said Grantor, its Successors or Assigns, all and every, the goodwill, action or rights of action, claims and demands of whatsoever nature belonging or accruing to the said Grantor by reason of ownership, inter alia, of the premises hereby conveyed, arising out of the opening of Twenty-fifth Street." This for the reason that such reservation, although not contained in the deeds to the last three predecessors in title of appellee, nor in the deed to him, refers only to "the opening of Twenty-fifth Street", and contains nothing whatever relative to the grading of Washington Avenue.

Even though appellee had no actual notice of the award to the Wharton Company and could not have acquired knowledge thereof from a diligent search of the

records, nevertheless, if a release of future damages does not come within the recording acts, the award to appellee must fall. It is only in case such an instrument is required to be recorded by the statutes that the failure so to do can in any way injuriously affect appellant, who is here asserting that it is relieved by the award to the Wharton Company. See *Maclay's Lessee v. Work,* 5 Binn. 153. Damages for the grading of Washington Avenue could not be legally considered by the Board in conjunction with the opening of Twenty-fifth Street, unless the parties so agreed. This, of course, the Wharton Company and appellant did, at least impliedly, when they presented additional testimony before the Board regarding the grading of Washington Avenue, and appellant paid and the Wharton Company accepted the award made by the Board based thereon. Thus, their actions clearly amounted to an attempt to release the property from future damages which might arise when Washington Avenue was eventually improved. The right to recover damages for such grading did not accrue until the actual grading started on the ground *(Plan 166,* 143 Pa. 414; *Ogden v. Philadelphia,* 143 Pa. 430), and this was not until September 1, 1927—years after the award to the Wharton Company. Such a release should have been in writing to satisfy the Statute of Frauds and should have been recorded. To release future damages for the grading of a street creates an interest or right in the land; it is more than a mere lien. It would ordinarily permit the removal of adjacent support to the land and any buildings thereon and allow an interference with or even the taking away of means of ingress and egress, and, therefore, a subsequent purchaser without notice cannot be bound thereby. It is stated, in Tiffany, Real Property (3d ed.), vol. 5, par. 1263, p. 15, with reference to recording acts: ". . . the tendency of the courts is to give them an efficient operation, by regarding them as authorizing the record of almost every instrument of a character to affect the title to land." This court has consistently fol-

lowed this practice. The Act of March 18, 1775, 1 Sm. L. 422, has been interpreted by us, in *Hellman v. Hellman,* 4 Rawle 439, 445, to require the recordation of writings that "pass or create an interest or right of some kind in land." See also *Shortz v. Unangst,* 3 W. & S. 45, 54. This statute was amended by the Act of May 19, 1893, P. L. 108, and therein is nothing which would warrant a different construction than that given to the Act of 1775, as far as the matter here under consideration is concerned. Moreover, in *Finley v. Glenn,* 303 Pa. 131, 138, considering the Act of 1893, it was said: ". . . recording is required so that notice may be given of anything 'whereby the title may be in any manner affected.' " The word "interest" is the broadest term applicable to claims in or upon real estate, and in its ordinary signification among men of all classes it is broad enough to include any right, title, or estate in, real estate: *Caddo Holding Corporation v. Morrow* (Tex.), 41 S. W. (2d) 92, 94. See also Words and Phrases, Vol. 22, page 60. We need not consider the Act of April 24, 1931, P. L. 48, section 1,* since that statute can in no way affect the present controversy. This Act, by its terms, is clearly prospective in scope and can have no bearing here since the award to the Wharton Company occurred long before its enactment. See *Farmers N. Bk. & Tr. Co. v. Berks Co. R. E. Co.,* 333 Pa. 390.

We are satisfied that *Shields v. Pittsburgh,* 252 Pa. 74, is not in point, for, as aptly stated by the learned court below, ". . . this case does not turn upon the question we have been discussing, but upon the right of a

---

* "All agreements in writing relating to real property situate in this Commonwealth by the terms whereof the parties executing the same do grant, bargain, sell, or convey any rights or privileges of a permanent nature pertaining to such real property, or do release the grantee or vendee thereunder against damages which may be inflicted upon such real property at some future time, shall be acknowledged according to law by the parties thereto or proved in the manner provided by law, and shall be recorded in the office for the recording of deeds in the county or counties wherein such real property is situate."

mortgagor, as against the mortgagee, to do certain acts (a release of damages to the property by grading) affecting the mortgaged property, but done in good faith and for the purpose of increasing the value of that property." If we were not in accord with this statement of the court below, we would overrule the Shields case as being in violation of the Statute of Frauds and the recording acts of this Commonwealth.

Order affirmed, at appellant's costs.

SEPARATE OPINION FILED BY MR. JUSTICE LINN, January 13, 1942:

I cannot agree to all that is said in the opinion, but I concur in the order affirming the judgment.