Barclay-Westmoreland Trust Company Petition.

Argued April 16, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ. (DITHRICH, J., absent).

*Coleman Harrison,* for appellant.

*Maurice Louik,* Assistant County Solicitor, with him *Nathaniel K. Beck,* County Solicitor, *John G. Brosky,* Assistant County Solicitor, and *R. Rhody Brenlove,* for appellee.

OPINION BY WRIGHT, J., July 14, 1953:

Appellant is the owner of a tract of land situate in Patton Township, Allegheny County. On July 12, 1940, the County Commissioners adopted a resolution to relocate, widen and change the grade of Moss Side Boulevard. The procedure followed was in accordance with

the Act of May 2, 1929, P. L. 1278, §§871 and 916, 16 P.S. §§871 and 916. After favorable action by the Grand Jury on July 30, 1940, the improvement was approved by the Quarter Sessions Court on August 5, 1940. A strip of appellant's land 80 feet wide by approximately 1800 feet long was appropriated. The record is silent as to the time when the actual physical taking occurred, although appellant contends that it was not for "many months" after the official taking. On October 15, 1946, appellant filed a petition in the court of common pleas asking for the appointment of viewers to assess the damages. The County filed exceptions to the award of the viewers on the ground that recovery was barred by the Act of 1891, P. L. 109, as amended by the Act of 1935, P. L. 302, 12 P.S. 43, 43A. The exceptions were sustained, and this appeal followed.

The statute in question provides as follows:

"Section 1. Be it enacted, etc., That petitions for the assessment of damages for the opening or widening of any street, road or highway, when the damages are not assessed by the view opening the road, may be filed in the court of quarter sessions within the period of six years from the final confirmation of a report, or the entry of a decree or order opening the said street, road or highway, or within six years from the date of notice of the intended opening of the same, under an ordinance or resolution duly passed, but not thereafter. In the case of State highways or other highways or roads which the Secretary of Highways has authority to change, alter or widen, with the approval of the Governor, such petitions shall be presented within six years from the date of the approval of the plan by the Governor, but not thereafter. All claims shall be forever barred after the expiration of the said period of six years.

"Section 2. In all cases involving damages for the opening or widening of any streets, roads or highways, in which no time limit for the presentation of petitions

or the expiration of a right of action has heretofore been fixed by statute, such petitions may be presented to the proper court of quarter sessions, and the right of action for damages may be claimed within six years from the date of final enactment of this act, and not thereafter in any manner".

Appellant's original position was that the statute did not apply to eminent domain proceedings in the Common Pleas Court. In the reply brief, however, it is conceded that this argument is effectively answered by the case of *H. C. Frick Coke Co. Appeal,* 352 Pa. 269, 42 A. 2d 532. The *Frick* case involved a proceeding in the court of common pleas for damages for coal required to be left in place as vertical support for a state highway. It was held that the statute applied and that the claim was barred because it had been filed more than six years after the taking.

Appellant now contends that, though the six year limitation is applicable, the period does not commence in the present case until the date of the actual improvement because of the incidental change of grade. Reliance is placed on *Pfeffer et al. v. Johnstown,* 287 Pa. 370, 135 A. 127. That case involved the mere change of grade of a long established street. It was held that "the statute does not begin to run when a new grade is established, but when the change of grade of the street is actually made". In such circumstances it is the physical change which creates the right of action: *Pennsylvania Range Boiler Co. v. City of Philadelphia,* 344 Pa. 34, 23 A. 2d 723; *Howley v. Pittsburgh,* 204 Pa. 428, 54 A. 347; *Devlin v. Philadelphia,* 206 Pa. 518, 56 A. 21. The present case, however, primarily involved a relocation. So far as appellant's property was concerned, there was direct damage in the taking of 3.08 acres of land for the road, plus 1.60 acres for the slopes of cuts and fills. The consequential damage for the change of grade was inherent in the construction of the highway. Where a

street or highway is laid out, the property owner must submit his whole claim for the damage caused by the opening and grading thereof, embracing consequential as well as direct injuries: *Jones v. Borough of Bangor*, 144 Pa. 638, 647, 23 A. 252.

The decree of the Court of Quarter Sessions of Allegheny County approving the application and ordering the improvement to be made was dated August 5, 1940. As provided by the Act of 1929, supra, "Thereupon any original location, re-location, opening, widening, straightening, extension, alteration or vacation of any road set forth in said proceedings, and the right to proceed with such improvement" became absolute. Since the Act of 1891, as amended, governs the assessment of damages for the construction of the street or highway, it must be construed to cover all the damages created by that construction, including that for change of grade. Applied to the case at bar, the legislative language clearly indicates that the limitation period commenced when the final Court order was entered.

Appellant attempts to justify the delay by alleging that it was due to (1) the failure of the County or its representatives to prepare a viewer's plan, (2) the carelessness of a clerk in the engineering department in giving the wrong date of the Commissioner's resolution, (3) the fact that more than one condemnation proceeding was instituted with the same caption as this case, and (4) the abnormal conditions created by World War II. The theory underlying this contention appears to be a species of estoppel which would work to toll the statute. See *Guy v. Stoecklein Baking Co. et al.*, 133 Pa. Superior Ct. 38, 1 A. 2d 839. There is no merit in this argument as applied to the present facts. The material date was that of the order made August 5, 1940, which could have been ascertained readily by an inspection of the court record. That there was no deception

on the part of the appellee is shown by a letter from the County Solicitor, dated May 14, 1943. This was three years and three months before the expiration of the limitation. It was therein suggested that, because of the great difference between the parties as to the amount of damage, appellant should proceed to petition the court for a board of view to adjudicate the claim.

The order of the lower court is affirmed.