Pagni *v.* Commonwealth, Appellant.

Argued April 18, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Harry M. Jones,* with him *Thomas C. Evans, Phil H. Lewis,* Deputy Attorney General, and *Herbert B. Cohen,* Attorney General, for appellant.

*Louis Vaira,* with him *Esler W. Hays,* for appellees.

OPINION BY ROSS, J., July 21, 1955:

The Commonwealth appeals from judgment entered on a jury verdict for the taking of appellees' property under the exercise of the power of eminent domain.

On November 20, 1942 Governor James approved a plan appropriating certain lands of the plaintiffs for the relocation of a public highway. No notice was given to plaintiffs of this plan, nor was it recorded in Allegheny County where the land was located. Nothing further was done until July 1948, when the Highway Department entered upon the land and appropriated it for the highway. On December 19, 1949 the plaintiffs petitioned the Court of Quarter Sessions seeking the appointment of a Board of View which in due course was appointed and filed its report rejecting plaintiffs' claim. They appealed to the Court of Common Pleas and secured a verdict for $2,000. Appellant's motions for new trial and judgment n.o.v. were refused, judgment was entered on the verdict, and this appeal followed.

The sole question is whether the plaintiffs' claim is barred because it was filed more than six years after the Governor signed and approved the plan for relocation as provided in the Act of June 11, 1935, P. L. 302, sec. 1, 12 PS sec. 43. The Act provides: ". . . In the case of state highways or other highways or roads which the Secretary of Highways has authority to change, alter or widen, with the approval of the Governor, such petitions shall be presented within six years from the date of the approval of the plan by the

216

Governor, but not thereafter. All claims shall be forever barred after the expiration of the said period of six years." Despite the positive language of this Act, we must hold that plaintiffs' claim is not barred. To do otherwise, in the face of a lack of notice, actual or constructive, would violate their right to due process of law in the taking of their property. They cannot be held for their failure to act when they did not know that their right of action had accrued, and this lack of knowledge was due not to any fault of theirs but to a failure of the Commonwealth to give such notice, either actual or constructive.

We are aware, as appellant points out, that this statute does not require that any actual notice be given. That is not controlling. Statutes concerning eminent domain are to be strictly construed. Statutory Construction Act, Act of May 28, 1937, P. L. 1019, Art. IV, sec. 58, 46 PS sec. 558(4). We must presume, in interpreting the statute, that the Legislature intended to comply with the Federal and State constitutional requirements. Statutory Construction Act, supra, sec. 52, 46 PS sec. 552(3). Thus we believe the Legislature contemplated that in the ordinary course of events the actual work in accordance with the plans approved by the Governor would be begun within a reasonable time after their approval. That, of course, would be notice to the landowner and he would have more than sufficient time to file his claim. It certainly was not contemplated that the actual work would not be started until the six-year period had practically run.

Indicative of this intent is the fact that the Legislature at that time required no recording of plans for present improvements while it did require recording of plans for future construction or reconstruction. Act of May 31, 1911, P. L. 468, sec. 8, as amended; Act of June 1, 1945, P. L. 1242, Art. II, sec. 206, 36 PS sec.

670-206. Today the Commonwealth is required to record plans for present alterations as well. Act of June 1, 1945, P. L. 1242, Art. II, sec. 210, as amended.

Since the work was not begun for so long a time, these plans fell within the requirement of the second paragraph of the Act of May 31, 1911 as amended, supra, which provided, inter alia, that the Secretary, subject to the approval of the Governor, can establish the ultimate width and lines of any state highway for *future* construction, reconstruction or improvement and that the description or plan, bearing the acknowledgment of the Secretary, shall be recorded in the county where the land is situated. Admittedly there was no recording in the instant case so there was no constructive notice whatever to the property owners. They certainly were not required to make periodic visits to Harrisburg to ascertain what highway construction was contemplated in their area in the future. See *Jordan v. Clearfield County,* 107 Pa. Superior Ct. 441, 445, 164 A. 98, which held that plans for future construction were ineffective until recorded as provided by the Act.

*Hess v. Westerwick,* 366 Pa. 90, 76 A. 2d 745, and *Ross Appeal,* 366 Pa. 100, 76 A. 2d 749, are analogous. In those companion cases involving tax sales of property under the Real Estate Tax Sale Law, Act of July 7, 1947, P. L. 1368, 72 PS sec. 5860.101, the Supreme Court held that despite the provisions in the Act making the confirmation of the sale final and providing that the validity of the sale should not thereafter be inquired into, the owner could come in after confirmation and set the sale aside where he had not been given notice of it. The basis for so holding is succinctly stated by Mr. Justice LADNER in the *Hess* case, supra, at pages 96-97: "It is a fundamental provision of both our state and federal constitutions that no person shall

be deprived of property except by the law of the land or due process of law. Without due process of law the right of private property cannot be said to exist. As said by Mr. Justice PITNEY in Ochoa v. Hernandezy Morales, 230 U. S. 139, 161 (1912), 'The principle, known to the common law before Magna Charta, was embodied in that charter (Coke, 2 Inst. 45, 50) and has been recognized since the Revolution as among the safest foundations of our constitutions. Whatever else may be uncertain about the definition of the term "due process of law" all authorities agree that it inhibits the taking of one man's property and giving it to another, contrary to settled usages and modes of procedure, and *without notice* or an opportunity for a hearing.' And see recent case of Mullane v. Central Hanover B. & T. Co., 339 U. S. 306 (1950), holding that the kind of notice must be such as is reasonable under the circumstances." Certainly, here, no notice is not "reasonable" notice.

Both appellant and appellees rely to some extent upon *Barclay-Westmoreland Trust Co. Petition,* 173 Pa. Superior Ct. 504, 98 A. 2d 395, in which we held that the petitioner was barred by the statute because it failed to file its claim within six years after the plans were approved. Appellant contends that in that case we made it clear that the condemnation is effective when the plans are approved irrespective of when the actual work was begun and that the six-year period begins to run from that time. Appellees contend that the case, though holding that the petition was barred by the statute, indicates that where there is a proper case of estoppel made out tolling the statute we would so hold. We agree. We held in the *Barclay* case that estoppel did not apply because the petitioner had actual notice at least three years before the statute ran but failed to act until after the six years; furthermore,

that the material date "could have been ascertained readily by an inspection of the court record" in the county where the land was located. Where, as here, the party (Commonwealth) setting up the limitation has been solely responsible for the delay it will be prevented from taking this advantage. *Horn v. Lehigh Valley R.R. Co.,* 274 Pa. 42, 44, 117 A. 409; *Guy v. Stoecklein Baking Co.,* 133 Pa. Superior Ct. 38, 47, 1 A. 2d 839. There need be no actual fraud involved. An unintentional deception is sufficient. *Horn* and *Guy* cases, supra. Ordinarily in this type case the person deceived has been led into a sense of security for some reason or other by actions or statements of the party setting up the statute. Here the Commonwealth took no action and made no statements which would deceive appellees. The deception resulted from its failure to act, and the Commonwealth cannot now take advantage of the statutory bar.

The power of eminent domain is undisputedly in the State. But it is qualified by the requirement that "just compensation" be made to the owner of the property taken. Art. I, sec. 10, Pennsylvania Constitution. There is no doubt that the Legislature may prescribe the procedure for asserting claims and the period in which such actions must be brought. *H. C. Frick Coke Co. Appeal,* 352 Pa. 269, 42 A. 2d 532. It does not follow though that a property owner is barred by this limitation if he has had no notice or has had no reason to believe that there would be a condemnation of his land. Statutes limiting the time within which a right must be enforced ". . . are expressive of the feeling of mankind that where there are wrongs to be redressed they should be redressed without unreasonable delay, and where there are rights to be enforced, they should be enforced without unreasonable delay". *Ulakovic v. Metropolitan Life Ins. Co.,* 339 Pa. 571, 576, 16 A. 2d

41. This underlying policy prohibits "unreasonable" delays. Appellees' inaction could not have been unreasonable when they had no knowledge that they had any right which was to be enforced. They were entitled to a notice of some kind, whether it be actual or constructive, whether it be given by the beginning of actual work on the property within a reasonable time after approval of the plans, or whether it be given by the statutory requirement of recording the future plans. The State cannot take advantage of one of the powers given it by the Constitution and at the same time disregard another provision, Art. I, sec. 9 of the Pennsylvania Constitution, which prohibits the taking of a man's property except by the law of the land or due process.

Judgment is affirmed.