## Klinger v. Commonwealth

*Nevin Stetler*, for plaintiff.

*John F. Rauhauser, Jr.*, for intervenors.

ATKINS, J., June 8, 1959.—Marlin T. Klinger, presented his petition to the court asking for the appointment of viewers to assess the damages allegedly sustained to his leasehold estate by the action of the Commonwealth of Pennsylvania in condemning a portion of the land for the Harrisburg-Baltimore Expressway. Subsequently, William E. Beatty and Ida B. Beatty presented their petition for leave to intervene in this proceeding, and a rule was granted thereon by the court to show cause why they should not be permitted to intervene. Marlin T. Klinger filed an answer to this petition and rule, alleging that the Beattys had no interest in the leasehold. It appears that the Beattys are the owners of the real estate and that Marlin T. Klinger alleges that he holds a lease to all or part of the real estate in question and, that by reason of the taking, the enjoyment of the leasehold was interfered with, if not completely destroyed.

At the time of the oral argument on the petition, counsel for the Beattys filed an amended petition setting forth that the Beattys and the Commonwealth of Pennsylvania had entered into an agreement wherein the amount of damage suffered by the Beattys had been agreed upon. It appears that the amount agreed upon represents the damages suffered to the entire fee. The amended petition further sets forth that a portion of this money has been placed in escrow and that the escrow fund shall not be released by the escrow agent to the Beattys until they furnish to the Commonwealth satisfactory evidence that the claims of all tenants and subtennants are satisfied and that, if any such claims are payable, they shall be paid out of the escrow fund and, if the fund is not sufficient to meet such claims, the Beattys themselves would, under the agreement, be required to indemnify the Commonwealth against any such claims that might be in excess of the escrow fund. Klinger's position is that the only thing in issue is the value of his leasehold estate.

The modern policy of the law is, wherever possible, to adjudicate every phase of a controversy in the same litigation to avoid multiplicity of actions. The legislature by the Act of July 1, 1937, P. L. 2667, 26 PS §44, has recognized this policy providing that in cases of eminent domain where the owner or owners of the fee and any lessee or lessees under such owner or owners shall be claimants for damages, all such claims shall be heard or tried together. The act then provides that the jury or the board of view shall, first, fix the total amount of damage to the property in question and, second, shall apportion or divide the total damages between or among the several claimants thereto. While this act has been construed as not being mandatory (Arnold v. Allegheny County, 332 Pa. 227), it does evidence an intent on the part of the legislature

to have these claims adjudicated together as a matter of policy.

In this case had the agreement between the Beattys and the Commonwealth been simply an agreement as to the amount of damage sustained by the Beattys alone, there would seem to be no question that their right to intervene in the proceeding instituted by Klinger would not exist. Although we do not have before us a copy of the actual agreement, we accept, for the purpose of this phase of the case, the statements set forth in the original and amended petitions to intervene. From these pleadings it is clear that neither the Commonwealth nor the Beattys intended their agreement to cover only the damages sustained by the Beattys by clearly indicating an intent simply to fix the total damages and to leave the question of any apportionment to subsequent actions or agreements.

In 13 P. L. E., Eminent Domain, §87, p. 317, it is stated:

"As a matter of justice and the thorough administration of the law, where all persons interested have not been made parties to a condemnation proceeding, the court will allow them to intervene or be made parties.

"The matter of permitting or refusing a party to intervene or be brought into the proceeding is generally within the discretion of the court." See also Butler County Commissioners' Petition, 141 Pa. Superior Ct. 597.

It is true that in this latter case intervention was denied, but for the reason that the person applying to intervene had divested himself of his interest in the property prior to the effective date of the taking and, of course, had no interest in the damages that might be awarded.

In this case the Beattys and the Commonwealth

534

have both evidenced an intention that their claim was not being treated as a unit and we, therefore, feel that, in order that all of the questions arising among the various parties should be determined in one proceeding, the intervention should be allowed. Accordingly, we enter this order.

And now, to wit, June 8, 1959, at 9 a. m., the rule heretofore granted is made absolute and permission is hereby granted to William E. Beatty and Ida B. Beatty to intervene in the proceeding.

Exception is granted to Marlin T. Klinger.