## Steeb, Appellant, *v.* Pennsylvania Turnpike Commission.

Argued November 15, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

*Lee C. McCandless,* with him *Richard L. McCand-
less,* for appellant.

*Willis A. MacDonald,* with him *John L. Sweezy,* for
Pennsylvania Turnpike Commission, appellee.

OPINION BY WRIGHT, J., March 19, 1963:

We are here concerned with an eminent domain
proceeding arising out of the construction of the west-
ern extension of the Pennsylvania Turnpike. The is-
sue is whether the property owner is barred from re-
covery (a) by the statute of limitations and, if not,
(b) by estoppel. The viewers resolved this issue ad-
versely to the property owner. Upon appeal to the
court of common pleas, the case was submitted by the
parties for decision on an agreed statement of facts
"without further testimony and hereby waiving the
right to a trial by jury". After hearing argument, the
court below affirmed the decision of the Board of View,
and entered judgment in favor of the Pennsylvania
Turnpike Commission. The property owner has ap-
pealed.

On April 1, 1946, Clarence T. Steeb was the owner
of one hundred and nine acres of land in Cranberry
Township, Butler County, on which there was an unre-
corded oil and gas lease given that date to Clarence's

brother, Ralph J. Steeb.[1] By resolution dated June 14, 1949, the Pennsylvania Turnpike Commission condemned a fee simple title through this land for a distance of twenty-four hundred feet with a width of two hundred feet. In the spring of 1950 the Commission began construction of the Turnpike. Clarence filed a timely petition for viewers to determine his damages. There was a hearing before the viewers on August 18, 1954, at which time Ralph testified as to Clarence's damages, but made no claim for damages in his own right. Although inquiry was made by the viewers concerning outstanding leaseholds, Ralph did not mention any personal interest in the property. He recorded his lease on August 8, 1955, and thereafter (October 31, 1955) instituted the instant proceeding by filing a petition for viewers to have his damages determined. The amount has been agreed upon, and the issue is, as previously indicated, whether Ralph is entitled to recover.

The Act of May 23, 1891, P. L. 109, as amended, 12 P.S. 43, provides in pertinent part as follows: "Petitions for the assessment of damages for the opening or widening of any street, road or highway, when the damages are not assessed by the view opening the road, may be filed in the court of quarter sessions within the period of six years from the final confirmation of a report, or the entry of a decree or order opening the said street, road or highway, or within six years from the date of notice of the intended opening of the same, under an ordinance or resolution duly passed, but not thereafter. In the case of State highways or other highways or roads which the Secretary of Highways

---

[1] Title to part of this land was in Clarence T. Steeb and his wife, Edna A. Steeb, as tenants by the entireties. A portion thereof had been previously conveyed by Ralph J. Steeb to Dorothy Brandon subject to the reservation of a one-half royalty interest. Dorothy Brandon, in turn, conveyed to Clarence T. Steeb. These circumstances are not material to our decision.

has authority to change, alter or widen, with the approval of the Governor, such petitions shall be presented within six years from the date of the approval of the plan by the Governor, but not thereafter. All claims shall be forever barred after the expiration of the said period of six years".

Conceding that his petition for viewers was filed more than six years after the date of the condemnation resolution, appellant nevertheless contends that his claim is not barred by the statute of limitations because it was filed within six years from the commencement of construction. He takes the position that the statute did not start to run until he had notice of the taking by actual occupancy of the land. The answer to appellant's contention appears in *Lakewood Memorial Gardens Appeal*, 381 Pa. 46, 112 A. 2d 135, wherein it was held that the Commission's adoption of the condemnation resolution on June 14, 1949, constituted an appropriation of the indicated properties, and the right to damages accrued on that date. In the words of Mr. Justice (later Chief Justice) JONES: "In constitutional contemplation, it is the entry which constitutes the 'taking, injury or destruction' before which compensation for the affected property must be paid or secured. The act of condemnation, however, may, and frequently does, take place some time before actual entry upon the appropriated property. In such instance, after there is a physical entry, the date of the taking relates back to the date of the ordinance or resolution of condemnation".

Appellant relies on *Strong Appeal*, 400 Pa. 51, 161 A. 2d 830, *Angle v. Commonwealth*, 396 Pa. 514, 153 A. 2d 912, and *Pagni v. Commonwealth*, 179 Pa. Superior Ct. 213, 116 A. 2d 294, but these cases are not here controlling.[2] In the *Strong* case, the petition for

---

[2] Although it was not cited, we have also considered *Henry v. Allegheny County*, 403 Pa. 272, 169 A. 2d 874.

viewers resulted from the widening of a state highway in Cambria County. The plan authorizing this work was approved by the Governor on June 7, 1950, and the Commonwealth thereafter entered upon the land. An earlier plan had been approved by the Governor on March 19, 1924, but no action was taken thereon. Our Supreme Court rejected a contention by the Commonwealth that the condemnation occurred in 1924 rather than in 1950. In the *Angle* case, the petition for viewers resulted from the reconstruction of a public road in Franklin County, originally opened to a width of thirty feet. On August 20, 1924, the Governor approved a plan for the construction, within the thirty-foot strip, of a concrete highway of an overall width of twenty-six feet. Parallel to the outer margins of the thirty-foot strip there appeared on the plan some penciled lines which suggested that the Commonwealth might subsequently desire to widen the road to fifty feet. Nothing was done regarding this ultimate right of way until January 31, 1956, when a Governor-approved plan was filed in the office of the Secretary of Highways. Our Supreme Court rejected a contention by the Commonwealth that the taking occurred in 1924 rather than in 1956. The *Pagni* case arose out of the relocation of a public highway in Allegheny County. The plan authorizing this work was approved by the Governor in November, 1942. Nothing further was done until July, 1948, when the Highway Department entered upon the land. We held that a petition for viewers filed December 19, 1949, was not barred by the statute. The following language in our opinion is highly significant, as it points out the distinction between the *Strong, Angle,* and *Pagni* cases and the instant appeal: "Thus we believe the Legislature contemplated that in the ordinary course of events the actual work in accordance with the plans approved by the Governor would be begun within a reasonable time after

their approval. That, of course, would be notice to the landowner and he would have more than sufficient time to file his claim. It certainly was not contemplated that the actual work would not be started until the six-year period had practically run".

A situation markedly similar to that in the instant case was before us in *Barclay-Westmoreland Petition*, 173 Pa. Superior Ct. 504, 98 A. 2d 395, which involved the relocation of Moss Side Boulevard in Allegheny County. An appropriate resolution was adopted by the County Commissioners on July 12, 1940, and approved by the Court of Quarter Sessions on August 5, 1940. The actual construction did not start until several months thereafter. We held that a petition for viewers filed October 15, 1946, was not timely. Rejecting the property owner's contention that the six-year period did not commence to run until the date of the improvement, we said "the legislative language clearly indicates that the limitation period commenced when the final Court order was entered". In the case at bar, actual entry was made within a year after the adoption of the condemnation resolution, clearly a reasonable time. Appellant had ample opportunity to file his petition before the statute had run.

We perceive no merit in appellant's argument that the Commission did not tender or file a bond. See the Act of June 11, 1941, P. L. 101, Section 10, 36 P.S. §654i. Similarly, it is obvious that the Act of April 3, 1956, P. L. (1955) 1366, 26 P.S. 151 et seq., mentioned in appellant's brief, does not govern the instant case. We do not pass upon appellee's suggestion that this appeal should be controlled by the Act of July 1, 1937, P. L. 2667, 26 P.S. 44. Cf. *Arnold v. Allegheny County*, 332 Pa. 227, 2 A. 2d 763.

Since we agree with the court below that appellant's claim is barred by the statute of limitations, it becomes unnecessary to determine the question of estoppel. In

this connection, however, we are impelled to quote the following excerpt from the well-considered opinion of President Judge SHUMAKER: "Here the delay rests with the plaintiff. Not only did he fail to record his lease, thus giving him all the benefits of the recordation act of Pennsylvania, but he actually appeared before the Board of View and testified for his brother Clarence T. Steeb in the latter's claim for damages, apparently keeping the matter of his existing leasehold a 'deep dark secret', even after inquiry was made and opportunity given to him to mention the same, thus giving the viewers and the Turnpike Commission notice of its existence. Why this deliberate failure to disclose the existence of the leasehold until after his brother's claim for damages had been adjudicated remains a mystery. If he remained mute deliberately that Clarence's award would thereby be increased, he should not here be heard to complain because he has forfeited his own claim for damages to his leasehold and royalty interest, by reason of estoppel".

Judgment affirmed.